[Sac. No. 7370.   In Bank.   Apr. 4, 1962.]

CORNING HOSPITAL DISTRICT, Petitioner, v. THE SUPERIOR COURT OF TEHAMA COUNTY, Respondent; LOUISA C. MUSKOPF et al., Real Parties in Interest.

490

Newton & Braun, Newton, Braun & Goodrich, Glenn D. Newton and William J. Braun for Petitioner.

No appearance for Respondent.

P. M. Barceloux, Burton J. Goldstein, Goldstein, Barceloux & Goldstein and Reginald M. Watt for Real Parties in Interest.

GIBSON, C. J.—Petitioner, a hospital district in Tehama County, seeks a writ of prohibition to prevent further proceedings in an action for personal injuries brought against it by Louisa and Richard Muskopf. The right to this relief depends upon the validity and effect of chapter 1404 of the 1961 statutes, which became effective September 15 of that year. The district asserts that by reason of this legislation it is entitled to rely on the doctrine of governmental immunity from tort liability as that doctrine existed prior to our decision in *Muskopf* v. *Corning Hospital Dist.*, 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457], and that the superior court is without jurisdiction to proceed with the case.

The complaint in *Muskopf* v. *Corning Hospital Dist.*, filed by plaintiffs in 1958, alleged that in May of that year, while Mrs. Muskopf was a paying patient of a hospital operated by the district, the hospital staff negligently attempted to move her, causing her to fall and suffer injuries. The trial court rendered judgment for defendant after sustaining a general demurrer on the ground that the district was acting in a governmental capacity and was entitled to the benefit of governmental immunity.[1] In *Muskopf* v. *Corning Hospital Dist.* we held that the doctrine of governmental immunity could no longer be used to shield an entity of government from liability for torts for which its agents were liable. We reversed the judgment for defendant and, in denying a petition for rehearing, rejected a suggestion that the decision be made to apply only prospectively.

It should be noted as a preliminary matter that no final judgment has been rendered in *Muskopf* v. *Corning Hospital*

---

[1] At the time of the trial court's ruling it had been held by this court that a hospital district acted in a governmental and not in a proprietary capacity with respect to the care of a paying patient in a hospital of the district and that for this reason such a patient injured by negligent conduct of hospital employees was barred by the doctrine of governmental immunity from recovery against the district. (*Talley* v. *Northern San Diego County Hospital Dist.* (1953) 41 Cal.2d 33, 36 et seq. [257 P.2d 22].)

*Dist.* ▮ Although the doctrine of the law of the case would ordinarily preclude Corning from again urging that it has immunity, that doctrine will not be adhered to where its application will result in an unjust decision (*Vangel* v. *Vangel,* 45 Cal.2d 804, 809-810 [291 P.2d 25, 55 A.L.R.2d 1385]), and it would be unfair to apply the decision to Corning if, as a result of the 1961 legislation, it is not to be applied to the defendants in other cases involving the same problem.

### Interpretation of Statute

Section 1 of the 1961 statute provides in part: "The doctrine of governmental immunity from tort liability is hereby re-enacted as a rule of decision in the courts of this State, and shall be applicable to all matters and all governmental entities in the same manner and to the same extent that it was applied in this State on January 1, 1961. This section shall apply to matters arising prior to its effective date as well as to those arising on and after such date."[2] This language, without more, would eliminate the effect of our decision in *Muskopf* v. *Corning Hospital Dist.* as to all past, present, and future tort cases against governmental agencies until such time as the Legislature might again take action in this field. It is clear from the legislation as a whole, however, that section 1 cannot be interpreted in this manner but is qualified by sections 3 and 4.

▮ Section 3 provides: "Section 1 of this act shall remain in effect until the 91st day after the final adjournment of the 1963 Regular Session of the Legislature, and shall have no force or effect on and after that date." It follows that the rule in *Muskopf* v. *Corning Hospital Dist.* is not rendered permanently inoperative but will be automatically reinstated on the specified date in 1963 in the absence of further legislation on the subject. (*Cf.* analogous rules of construction applied where the operation of a statutory provision is temporarily suspended by another statute: Gov. Code, § 9611;[3]

---

[2]The 1961 statute provides that section 1 shall be section 22.3 of the Civil Code.

[3]Section 9611 of the Government Code provides: "Notwithstanding any other provision of this chapter, whenever a provision of law is temporarily suspended, or is expressly or impliedly modified or repealed by a provision which is declared to be effective for only a limited period, the original provisions are not to be deemed repealed, but upon the expiration of the time of the temporary suspension or the effectiveness of the inconsistent provision, the original provision shall have the same force and effect as if the temporary provision had not been enacted."

1 Sutherland, Statutory Construction (3d ed. 1943) §§ 2037-2038, pp. 516-518.)   Section 3 makes no distinction in this respect between causes of action accruing before and after the 1963 date.

Section 4 provides, ''(a) On or after the 91st day after the final adjournment of the 1963 Regular Session of the Legislature, an action may be brought and maintained in the manner prescribed by law on any cause of action which arose on or after February 27, 1961 and before the 91st day after the final adjournment of the 1963 Regular Session, and upon which an action was barred during that period by the provisions of this act, if and only if both of the following conditions are met: (1) a claim . . . has been filed . . . and (2) the bringing of the action was barred solely by the provisions of this act and is not barred by any other provision of law enacted subsequent to the enactment of this act. (b) The statute of limitations otherwise applicable to the bringing of an action allowed pursuant to subdivision (a) of this section shall commence to run on or after the 91st day after the final adjournment of the 1963 Regular Session of the Legislature.''[4]

February 27, 1961, referred to in section 4, is the date on which *Muskopf* v. *Corning Hospital Dist.* became final, and it is provided in section 4 that suits on causes of action accruing on or after that date may be brought and maintained on or after the specified date in 1963 ''in the manner prescribed by law.''   Since, as provided by section 3, section 1 will have no force or effect after the 1963 date, the words ''in the manner prescribed by law'' must mean the law existing without regard to section 1 and are sufficiently broad to include the rule announced in *Muskopf* v. *Corning Hospital Dist.*    The words of section 4 referring to causes of action ''barred during that period by the provisions of this act'' and ''barred solely by the provisions of this act,'' clearly imply that such actions will no longer be barred after the end of the period referred to in section 4, when section 1 will automatically cease to be of force or effect.

. As we have seen, the 1961 legislation will have no effect on causes of action accruing after the specified date in 1963.   With respect to causes of action accruing between

---

[4]Section 4 also provides that claims be filed in all cases as required by law. (Subd. (c).) In the present case a claim was duly filed with the district and was rejected.

February 27, 1961 and the 1963 date, which are specifically dealt with in section 4, it is clear the statute establishes a temporary period of suspension, and without further legislation the rule of *Muskopf* v. *Corning Hospital Dist.* will be controlling in all such actions. ■ There is no similar provision specifically covering causes of action which accrued prior to February 27, 1961, and it is therefore less clear whether the intent was to provide for the destruction or merely the temporary suspension of such causes of action. It is our view, however, that the intent to do nothing more than suspend such causes of action is shown by the provision of section 3 that section 1 "shall have no force or effect" after the specified 1963 date. The difference between such an action and one accruing after February 27, 1961, is that as to the latter the statute of limitations will not commence to run, under section 4, subdivision (b), until the 1963 date, whereas all causes of action arising prior to February 27, 1961, are barred unless suit is filed within the ordinary limitation periods provided for tort actions.

The above interpretation of the 1961 legislation is in accord, by analogy, with section 9611 of the Government Code, *supra,* which declares that a "provision of law" (here, by comparison, the decision in *Muskopf* v. *Corning Hospital Dist.*) temporarily suspended by a provision declared effective for only a limited time is not deemed repealed but upon expiration of that time "shall have the same force and effect as if the temporary provision had not been enacted." Moreover, construing the legislation as merely suspending causes of action, rather than destroying them, is a less drastic retroactive application of section 1 insofar as it governs "matters arising prior to its effective date." ■ A statute shall not be construed to be retroactive unless expressly so declared (Civ. Code, § 3), and in keeping with this rule a statute should be given the least retroactive effect that its language reasonably permits.

Although the intent to merely suspend causes of action is not consistent with all the language of the statute, no interpretation is consistent with all the language, and this may be explained by the fact that only sections 1 and 2 of the statute were contained in the original bill and that by separate, successive amendments section 3 and later section 4 were added without any change in the wording of the prior sections.

The 1961 statute, as we have interpreted it, will give the Legislature time to review the many statutory provisions enacted on the basis of the law existing prior to 1961, and determine what, if any, legislation may be necessary in this field. In addition public entities will be afforded time to prepare for bearing the burdens of defending actions and to provide for the satisfaction of possible judgments.

It follows from what we have said that the statute does not destroy plaintiffs' cause of action but merely suspends it.

### Constitutionality

Prior to the depression that began in 1929, moratorium legislation designed to aid mortgagors (e.g., by authorizing or requiring delay in mortgage foreclosures or sales) was generally held invalid under the contract clause of the federal Constitution. (See Rottschaefer on Constitutional Law (1939) pp. 578-579.) However, it was held in *Home Bldg. & Loan Assn.* v. *Blaisdell* (1934) 290 U.S. 398 [54 S.Ct. 231, 78 L.Ed. 413, 88 A.L.R. 1481], that such provisions are valid when they are enacted to meet emergency situations and when they are within the bounds of a reasonable exercise of the police power. The decision, in upholding a Minnesota mortgage moratorium law, pointed out that the interference with the contract was based on a financial emergency facing the state and nation and that there was not a repudiation of the contract but only a temporary extension of the right to redeem for a reasonable period upon reasonable terms. The court concluded that the statute did not violate the contract clause or the due process clause and that it did not deny equal protection.

The opinion in *Blaisdell* relied in part on earlier decisions of the United States Supreme Court sustaining as a valid exercise of the police power state statutes which permitted a trial court during a period of severe housing shortage to restrain temporarily the enforcement of a covenant in a lease to surrender possession, on condition that the tenant make reasonable monthly payments. (*Marcus Brown Holding Co.* v. *Feldman,* 256 U.S. 170, 198 [41 S.Ct. 465, 65 L.Ed. 877] ; *Edgar A. Levy Leasing Co.* v. *Siegel,* 258 U.S. 242, 249 [42 S.Ct. 289, 66 L.Ed. 595].)

In *Brown* v. *Ferdon,* 5 Cal.2d 226, 233 et seq. [54 P.2d 712], this court recognized the principles set forth in *Blaisdell,* although holding that a section of the Civil Code under consideration could not be sustained under those principles be-

cause, in dealing with an emergency situation, it failed to take into account the equities and actual needs involved.[5]

█ In view of the decisions which permit reasonable moratorium restrictions in emergency situations with respect to enforcement of contractual rights, it follows that the Legislature may properly enact measures temporarily suspending the right to bring or maintain tort actions where there is an emergency and the restrictions imposed are reasonable under all the circumstances. █ A statute is not to be condemned as an improper exercise of the police power if any rational ground exists for its enactment. (*In re Petersen,* 51 Cal.2d 177, 182 [331 P.2d 24] ; *Jersey Maid Milk Products Co.* v. *Brock,* 13 Cal.2d 620, 636 [91 P.2d 577] ; *Hornblower v. Masonic Cemetery Assn.,* 191 Cal. 83, 91 [214 P. 978].)

█ Every presumption is in favor of the validity of a statute, and its invalidity must be clear before it can be declared unconstitutional. (*Dittus* v. *Cranston,* 53 Cal.2d 284, 286 [347 P.2d 671] ; *Johnson* v. *Superior Court,* 50 Cal.2d 693, 696, 699 [329 P.2d 5] ; *Lundberg* v. *County of Alameda,* 46 Cal.2d 644, 652 [298 P.2d 1].)

█ Our decision in *Muskopf* v. *Corning Hospital Dist.* recognized causes of action which under long-established rules had previously been denied recognition. Inevitably the decision had far-reaching consequences, including the fact that financial obligations of considerable scope were unexpectedly placed upon governmental agencies. The Legislature did not destroy the newly recognized causes of action but merely suspended them for a limited period of time during which the subject could be studied. We are satisfied that the legislation is valid.

### Procedure to Be Followed

█ The procedure by which the temporary suspension of causes of action is to be accomplished must, of course, give full effect to the legislative intent without impairing the orderly administration of justice. Absent further legislation, cases coming within the statute should be continued and not brought to trial until after the specified date in 1963. In the interim the parties may file pleadings if they so desire and may resort to proceedings for the discovery and perpetuation

---

[5]The statute held invalid in *Brown* v. *Ferdon* (former section 2924½ of the Civil Code) compelled mortgagees and payees of trust deed notes to either waive their right to a deficiency judgment or wait nine months longer than previously required before the property could be sold.

of evidence in accordance with the sections of the Code of Civil Procedure (§ 2016 et seq.) relating to that subject.

Let a peremptory writ of prohibition issue restraining the trial court from proceeding in a manner inconsistent with the views expressed herein.

Schauer, J., McComb, J., Peters, J., White, J., Dooling, J., and Draper, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.