[Civ. No. 10461.   Third Dist.   Apr. 15, 1963.]

BARBARA L. THOMAS, Plaintiff and Appellant v. COUNTY OF SISKIYOU, Defendant and Respondent.

Ben Leep for Plaintiff and Appellant.

Tebbe & Correia and J. E. Kleaver for Defendant and Respondent.

PIERCE, P. J.— In this tort action a motion by defendant county for judgment on the pleadings was granted by the court.

The second amended complaint alleges that defendant county through its agents, officers and employees negligently permitted a juvenile delinquent and ward of the juvenile court to be placed for board and lodging with plaintiff who operated a foster home; that they knew said ward had dangerous propensities, a fact known to defendant but of which plaintiff was unapprised. The ward is alleged to have attacked plaintiff with a metal pipe on May 12, 1960, inflicting serious bodily injuries.

The sole basis of the court's ruling granting the motion for judgment on the pleadings was that Civil Code section 22.3 enacted by the Legislature in 1961 (Stats. 1961, ch. 1404) was intended to abrogate the rule of *Muskopf* v. *Corning Hospital Dist.*, 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457], holding that the rule of governmental immunity could no longer be invoked as a defense by a public body, relieving it from liability from torts of its agents acting in a ministerial capacity; that this abrogation of the *Muskopf* rule applied to causes of action accruing prior to February 27, 1961.

This judgment on the pleadings was filed October 27, 1961. In April 1962 the Supreme Court filed its opinion in *Corning Hospital Dist.* v. *Superior Court*, 57 Cal.2d 488 [20 Cal. Rptr. 621, 370 P.2d 325], holding that the legislation referred to had not abrogated the *Muskopf* rule, but had merely suspended its effective operation until 91 days following the adjournment of the 1963 session and that would be automatically

reinstated on the specified date in the absence of further legislation. It was also held that it was the legislative intent to do nothing more than suspend for the same period the prosecution of causes of action accruing prior to February 27, 1961.

Civil Code section 22.3 was not only the sole basis of the trial court's ruling in the instant case; it was also the only ground urged in the trial court by defendant to support its motion. Defendant *now* urges that the Public Liability Act (Gov. Code, § 53050, et seq.) somehow affects this action and takes it out of the scope of the *Muskopf* ruling. We find it impossible to follow this argument, since the act referred to relates only to actions involving torts arising from a dangerous or defective condition of public property. It is therefore inapplicable.

No other questions are raised by the briefs and the judgment appealed from must be reversed. Our ruling, however, shall not be construed as a holding that the facts alleged necessarily plead with clarity negligent acts by public officials acting in a ministerial capacity. The case is not before us on special demurrer. The Legislature, moreover, is now in session. At the request of the California Law Revision Commission, several bills comprehensive in scope relating to the tort liability of public entities are now before the Legislature. Any attempt here to make a comprehensive analysis of facts which might possibly be proved under the issues pleaded in this case or to determine from the standpoint of the present law what effect such proof would have on the county's liability might have an ephemeral existence and be a frustrating experience. Such an analysis can better await adjournment of the Legislature, with the trial court construing the law as it may then exist.

The judgment is reversed. Further prosecution of the case will be abated pro tempore obedient to the provisions of the 1961 legislation. (Stats. 1961, ch. 1404.)

Schottky, J., and Friedman, J., concurred.