[Civ. No. 10916.   Third Dist.   Dec. 4, 1964.]

WILLIAM P. HAYES, a Minor, etc., et al., Plaintiffs and
Appellants, v. STATE OF CALIFORNIA, Defendant
and Respondent.

P. M. Barceloux, Burton J. Goldstein, Goldstein, Barceloux
& Goldstein and Reginald M. Watt for Plaintiffs and Ap-
pellants.

Harry S. Fenton, Robert F. Carlson, Gordon S. Baca and
Kenneth G. Nellis for Defendant and Respondent.

PIERCE, P. J.— Plaintiffs appeal from a judgment fol-
lowing an order granting a motion by defendant State of
California for judgment on the pleadings in a wrongful death
action.
The question raised on appeal is the validity of the
1963 government tort liability legislation (Stats. 1963, ch.

1681; Gov. Code, §§ 810 et seq.) when applied to claims based upon casualties occurring *subsequent to* the California "moratorium" legislation (Stats. 1961, ch. 1404, adding Civ. Code, § 22.3). Denying appellants' contentions, we hold that legislation attacked is constitutional as so applied.

The pleadings before the trial court when the appealed from judgment was entered were plaintiffs' first amended complaint and the answer of the state thereto. The allegations of the complaint necessary to be mentioned here are these: that the State of California issued to defendant BIL-JOY INC. a permit to construct an approach road to U. S. Highway 50; that the approach road was constructed in a negligent manner, deviating from the plan authorized in the permit; that the State of California had actual or constructive knowledge of that fact but failed either to inspect or order correction of the improperly constructed road. It is then alleged that "On or about the 16th day of November, 1961, the defendants, EUGENE GILLIHAN and DOES VI through VIII, and each of them, so negligently entrusted, managed, maintained, drove and operated their motor vehicle along and upon said Highway U.S. 50 near Pierroz Road as to proximately cause said motor vehicle to collide with the motor vehicle in which LEWIS PARK HAYES [plaintiffs' decedent] was riding." It is then alleged that Hayes died of injuries received in said accident.

It will be noted that there is *no* allegation telling how any of the allegedly negligent acts of the State of California in permitting an approach road to be negligently constructed by defendant BIL-JOY INC. were connected with the fatal accident. We were informed by counsel at oral argument that the operator of some vehicle using the "approach road" was an actor participating in some undisclosed manner with the negligent acts of Gillihan. Whatever this participation may have been there has been no contention either in the briefs of appellants or in their oral argument that any cause of action has been, or could be, pleaded against the State of California under the 1963 government tort liability legislation cited above. Actually it has not been made clear to us how it is contended that any cause of action had been or could be pleaded against the state upon any *common law* theory. Be that as it may, we overlook the latter pleading defect to reach the principal question as stated above.

The 1963 legislation expressly bars any and all tort actions against the state and other public entities not included within

its comprehensive terms. (Gov. Code, § 815, subd. (a).) We ruled in *Flournoy* v. *State of California,* opinion filed November 9, 1964, 230 Cal.App.2d 520 [41 Cal.Rptr. 190], that this 1963 legislation operating prospectively does not violate due process or equal protection of the law. The discussion in *Flournoy* is equally pertinent here and need not be reiterated. As we also stated in the *Flournoy* decision, the Legislature declared in the 1963 statute that it was to be given retroactive operation to the extent that this constitutionally could be done. (Stats. 1963, ch. 1681, § 45.) Also in *Flournoy* we reasserted the rule that a retroactive statute is not invalid under either the due process or equal protection provisions of the Fourteenth Amendment unless it interferes with some "vested" right. And there we elaborated upon the various factors courts must consider in their determination of the existence or absence of such a "vested" right. Similar elaboration here would be repetitious and is not required. (See *Flournoy, supra,* at pp. 531-534.)

In *Flournoy* we considered a pre-*Muskopf*[1] set of facts. But the casualty in the case at bench did not occur before *Muskopf* (effective February 27, 1961). It occurred November 16, 1961. Meanwhile the Legislature had enacted the so-called "moratorium" legislation. (Stats. 1961, ch. 1404, effective September 15, 1961.) It added Civil Code, section 22.3, which stated: "The doctrine of governmental immunity from tort liability is hereby reenacted as a rule of decision in the courts of this State . . . ."

By section 3 of that act the rule just quoted was to remain in effect until the 91st day after the final adjournment of the 1963 regular session of the Legislature and by section 4 it was provided *inter alia* that the fate of claims based upon casualties occurring during the moratorium period would depend upon whether the 1963 Legislature did or did not bar recovery on such claims. (Stats. 1961, ch. 1404, § 4.) As stated above the 1963 legislation (Gov. Code, § 815, subd. (a)) does *bar* recovery on all tort claims against the State *not embraced within its terms, and this claim admittedly is not so embraced.*

The provisions of section 1 of the 1961 moratorium act quoted above, when read in context with sections 3 and 4 noted previously, were interpreted by our Supreme Court in *Corning Hospital Dist.* v. *Superior Court,* 57 Cal.2d 488

---

[1]Throughout this opinion we refer to *Muskopf* v. *Corning Hospital Dist.,* 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457], as *"Muskopf."*

[20 Cal.Rptr. 621, 370 P.2d 325], to constitute a *suspension* of the rule of *Muskopf* and, as thus construed, the statute was held to be valid.

In *Thelander* v. *Superior Court*, 58 Cal.2d 811 [26 Cal. Rptr. 643, 376 P.2d 571] (filed December 1962—during the moratorium period), the Supreme Court held that the moratorium legislation only suspended trial and did not wipe out discovery and similar proceedings in actions pending during the moratorium period, but the court, anticipating the 1963 legislation, stated (on p. 814): ''. . . If additional legislation is enacted during the moratorium period making governmental immunity applicable in such cases, a judgment on the pleadings would be proper.''

We deem this sentence, although not the court's holding, to be at least a recognition or assumption that claims arising *after* the moratorium legislation could have validity only to the extent that the 1963 Legislature so declared.

We assert this as the rule of the case at bench. The reasoning applied in *Flournoy, supra,* 230 Cal.App.2d 520, at p. 534, is pertinent here: a factor of great, if not principal consideration in determining the existence or nonexistence of an inviolable ''vested'' right, is the presence or absence of a plaintiff's reliance upon, and expectation of the continuance of, an asserted ''right.'' Here there never was any rule upon which plaintiffs did, or could, rely. When their claim arose the *Muskopf* rule removing the shield of government tort liability had already been placed in a state of suspended animation by the Legislature with a forewarning of the very program of comprehensive legislative remodeling of government tort liability which later occurred and under which plaintiffs have no right of recovery.

With this in mind, and giving due consideration also to the factor of the public policy subserved (discussed at length in *Flournoy, supra,* at pages 534-535) we hold the 1963 legislation to be valid as applied to this claim arising post-*Muskopf* and post-moratorium act.

The judgment is affirmed.

Friedman, J., and Van Dyke, J.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 27, 1965.

*Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.