[Civ. No. 368.   Fifth Dist.   Apr. 2, 1965.]

MATTIE SUSAN MOXON, Plaintiff and Appellant, v. COUNTY OF KERN, Defendant and Respondent.

Vizzard, Baker, Sullivan & McFarland, Allan H. McFarland and Richard M. Long for Plaintiff and Appellant.

Borton, Petrini, Conron, Brown & Condley and Walter H. Condley for Defendant and Respondent.

BROWN (R. M.), J.—Plaintiff and appellant filed a complaint on December 3, 1963, based upon a notice of claim made to the County of Kern dated July 5, 1962. This claim set forth that while appellant's husband was a mental patient in the Kern County Hospital the hospital did, through its agents and representatives, negligently, carelessly and neglectfully operate the said hospital to allow the spouse to be placed in a room with another individual who was also a mental in-patient in the same hospital and so conducted their duties and obligations to the said spouse so that he was murdered and killed by the acts of the said mental in-patient. The claim further alleged that the hospital failed to maintain proper care or control of the said mental in-patient and failed to provide proper guards or safety procedures to prevent harm coming to the deceased spouse; and that said death was proximately caused by the negligence and neglect of said hospital.

The complaint filed by the plaintiff alleged a cause of action in negligence as the total and proximate cause which contributed to the death of the spouse. Thereafter plaintiff and appellant noticed a motion to file a first amended complaint consisting of two causes of action, the first being identical with the original, and the second purporting to allege a breach of contract and warranty on the part of the hospital which resulted in the death of plaintiff's spouse. The second cause of action also incorporated paragraph XII of the first cause of action which reads as follows: "That the aforesaid defendant, its agents, servants and employees, failed to maintain the proper care and control of the aforesaid Willie Walker, a patient in said defendant's hospital, and further did fail to provide proper guards or safety procedures to prevent harm coming to the decedent, John Harvey Moxon, and thereby the decedent, John Harvey Moxon, was killed and murdered by the mental patient, Willie Walker, through the negligence, carelessness and recklessness of the defendant, its agents, servants and employees, which was the total and proximate cause, and wholly contributed to the death of decedent."

The motion to file a first amended complaint was denied by the court and thereafter the respondent made its motion for judgment on the pleadings that a cause of action was not stated and that the complaint is barred by the provisions of Civil Code section 22.3, Government Code sections 854, 854.2, 854.4 and 854.8.

The trial court granted judgment on the pleadings in favor of the defendant and respondent from which appellant appeals.

The appellant has raised the issues: Is Government Code section 854 et seq., constitutional and retroactive to destroy and deprive a litigant of a cause of action occurring after the *Muskopf* decision (*Muskopf* v. *Corning Hospital Dist.*, 55 Cal.2d 211 [11 Cal. Rptr. 89, 359 P.2d 457]) and during the period the moratorium legislation was effective? And, was the action brought on contract or on negligence?

The appellant's argument is that the decedent was killed in the respondent's institution during the time that the action was suspended as a result of the moratorium specified in Civil Code section 22.3 (now repealed). In the *Muskopf* case, *supra,* the doctrine of sovereign immunity was abrogated. In *Corning Hospital Dist.* v. *Superior Court,* 57 Cal.2d 488 [20 Cal.Rptr. 621, 370 P.2d 325], the suspension as provided for in the 1961 legislation is discussed as to whether such a cause of action was destroyed or temporarily suspended, though the court did say that the 1961 statute would give the Legislature time to review the statutory provisions enacted on the basis of the law existing prior to 1961 and determine what, if any, legislation may be necessary in this field (p. 495). It was stated at pages 494-495:

"Moreover, construing the legislation as merely suspending causes of action, rather than destroying them, is a less drastic retroactive application of section 1 insofar as it governs 'matters arising prior to its effective date.' A statute shall not be construed to be retroactive unless expressly so declared (Civ. Code, § 3), and in keeping with this rule a statute should be given the least retroactive effect that its language reasonably permits.

". . . . . . . . . . . .

"It follows from what we have said that the statute does not destroy plaintiffs' cause of action but merely suspends it."

Appellant contends that causes of action arising after September 15, 1961, were not destroyed, but only suspended. (See *Bell* v. *City of Palos Verdes Estates,* 224 Cal.App.2d 257 [36 Cal.Rptr. 424].)

The respondent relies on *Hayes* v. *State of California*, 231 Cal.App.2d 48 [41 Cal.Rptr. 502], which holds that the tort liability legislation of 1963 is constitutional when applied to claims based on casualties occurring during the moratorium and quotes the rule in *Flournoy* v. *State of California*, 230 Cal.App.2d 520 [41 Cal.Rptr. 190], that the 1963 legislation operating prospectively does not violate due process or equal protection of the law.

Government Code section 854.8, as enacted in 1963, provides that a public entity is not liable for an injury proximately caused by any person committed or admitted to a mental institution.

Appellant's alleged cause of action arose while the moratorium legislation was in effect. This legislation contemplated the 1963 legislation when it provided as follows:

"Sec. 4. (a) On or after the 91st day after the final adjournment of the 1963 Regular Session of the Legislature, an action may be brought and maintained in the manner prescribed by law on any cause of action which arose on or after February 27, 1961 and before the 91st day after the final adjournment of the 1963 Regular Session, and upon which an action was barred during that period by the provisions of this act, if and only if both of the following conditions are met: (1) a claim based on such cause of action has been filed with the appropriate governmental body in the manner and within the time prescribed for the filing of such claims in Division 3.5 (commencing with Section 600) of Title 1 of the Government Code, and (2) the bringing of the action was barred solely by the provisions of this act and is not barred by any other provision of law enacted subsequent to the enactment of this act." (Stats. 1961, ch. 1404, § 4; Civ. Code, § 22.3.)

A further discussion of this subject is found in *Shakespeare* v. *City of Pasadena*, 230 Cal.App.2d 375, 380 [40 Cal.Rptr. 863], where the court held that while plaintiff's cause of action was suspended as soon as it arose under the moratorium act, it could only be given life by the 1963 legislation and, "Whatever may be the rule as to the retroactivity of the 1963 act in causes of action which accrued prior to the effective date of the 1961 statute, conduct thereafter can, in the light of that act, constitutionally be governed by the 1963 legislation."

We have concluded that appellant's claim is barred by virtue of Civil Code section 22.3 and the 1963 act, and in particular, Government Code section 854.8.

Appellant also claims that there was a breach of warranty for the rendition of personal services or breach of contract for care of the decedent which resulted in his wrongful death under Code of Civil Procedure section 377. ■ A cause of action for death did not exist in common law but is purely statutory. (*Bond* v. *United Railroads*, 159 Cal. 270 [113 P. 366, Ann.Cas. 1912C 50, 48 L.R.A. N.S. 687].)

■ "The right of action for wrongful death is unqualifiedly a matter of statutory provision and is completely within the jurisdiction of the Legislature to grant, to withhold, or to restrict as it sees fit." (*Norman* v. *Murphy,* 124 Cal. App.2d 95, 99 [268 P.2d 178].)

The portion of the Act contained in Code of Civil Procedure section 377 under discussion, reads as follows: "When the death of a person not being a minor, or when the death of a minor person who leaves surviving him either a husband or wife or child or children or father or mother, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, . . ."

While the statute of limitations is a period of two years for an action brought on an oral contract (Code Civ. Proc., § 339), it will be noted that under section 340 of that code the limitation for action is one year: "An action . . . for the death of one caused by the wrongful act or neglect of another, . . ." (Code Civ. Proc., § 340, subd. 3.)

It will be noted that by the reference to appellant's first amended complaint, paragraph XII, the action sets forth a strong cause of action based on the theory of negligence.

■ The operation of a county hospital is a governmental function and not a proprietary function, and in the absence of an enabling act, a county hospital is not liable for negligence even though the patient pays for the services received. (*Latham* v. *Santa Clara County Hospital,* 104 Cal. App.2d 336 [231 P.2d 513] ; *Madison* v. *City & County of San Francisco,* 106 Cal.App.2d 232 [234 P.2d 995, 236 P.2d 141].)

At the oral hearing it was conceded by both parties that the decedent was a patient at a mental institution at the time he met his death.

In hospitals operated by the county, the hospital must collect from the person an amount to help defray the cost which is not subject to negotiation as in a contract action. (See Welf. & Inst. Code, § 5077.)

In *Tunkl* v. *Regents of University of California,* 60 Cal.2d

92, 103 [32 Cal.Rptr. 33, 383 P.2d 441], the court said it saw no distinction in the hospital's duty of care between the paying and nonpaying patient.

The action for wrongful death is purely statutory (55 Cal.Jur.2d, Wrongful Death, § 9, p. 402), and lies only for the wrongful act or neglect of another.

In *Willey* v. *Alaska Packers' Assn.*, 9 F.2d 937, section 377 of the Code of Civil Procedure of the State of California is construed, and the language of the court at page 938 is herewith quoted: "That section [Code Civ. Proc., § 377], however, by its express terms is applicable only to cases of 'death . . . caused by the wrongful act or neglect of another'; in other words, to cases of tort and not of contract. Thus construed, it has no possible reference to the instant case, where no positive wrong on the part of respondent has been alleged, and where the only affirmative duty shown to have been omitted was wholly contractual. The fact that this duty, in addition to being within the terms of a written contract, also was imposed by federal statute, in no way changes the situation."

On motion for rehearing, the court had the following to say: "Plaintiff has petitioned for a rehearing, evidently believing that in the opinion heretofore rendered I stressed the word 'wrongfully' in construing C.C.P. Cal. § 377. That word, however, I used only as one contained in a portion of the section itself, and did not intend to give it any particular significance. The section applies, as before stated, to cases of death caused by wrongful act or neglect, and in no way to breaches of contract as such." (P. 939.)

In Prosser on Torts, third edition, section 121, at page 925, the same proposition is supported: "The statutes usually provide that the action can be maintained for 'any wrongful act, neglect or default' which causes death. They are therefore held to cover intentional, as well as negligent, torts. Strict liability in tort has made its appearance in relatively few cases, but there appears to be no reason to doubt that it is included within the death acts. On the other hand, since under the common law contract actions survived in favor of the plaintiff's representative while tort actions did not, it seems reasonable to suppose that the wrongful death statutes were intended to refer only to torts. Accordingly, there is general agreement that they have no application to any death which results from a pure breach of contract."

In volume 2, Witkin, California Procedure (1954) section 473, at page 1460, the rule is laid down as follows: "The ele-

ments of the cause of action for wrongful death are the tort (negligence or other wrongful act), the resulting death, and the damages, consisting of the *pecuniary loss* suffered by the heirs.''

In volume 1, California Jurisprudence 2d, Actions, section 30, at page 628, it is stated: ''In general, however, actions based on negligent failure to perform contractual duties, such as those owing from a hospital or physician to a patient, from an employer to an employee, and from a landlord to a tenant, although containing elements of both contract and tort, are regarded as delictual actions, since negligence is considered the gravamen of the action.''

The early case of *Harding* v. *Liberty Hospital Corp.*, 177 Cal. 520 [171 P. 98], dealt with a complaint filed by a plaintiff who alleged a contract with defendant hospital; that the chief surgeon of defendant failed and neglected to use ordinary and reasonable care, diligence and skill in treating a fractured limb, whereby the plaintiff sustained permanent injuries to her damage. In characterizing the nature of the action the court said at page 522:

''The appellants herein contend that the cause of action set forth in their complaint is one arising out of the breach of the plaintiff Margaret A. Harding's contract with the defendant, such breach consisting in its failure to furnish adequate and competent surgical treatment for her injured limb, and hence that her cause of action being one for the breach of a written contract, does not come within the scope or effect of subdivision 3 of section 340 of the Code of Civil Procedure. Notwithstanding the elaboration with which the plaintiffs have undertaken to set forth the terms and provisions of their said contract, we are of the opinion that the *gravamen* of this action consists in the alleged negligent acts of the chief surgeon of the defendant, consisting in his unskillful setting of the said plaintiff's injured limb, by reason solely of which the plaintiff's alleged injury and damage arose.'' (See *Rubino* v. *Utah Canning Co.*, 123 Cal.App.2d 18, 24 [266 P.2d 163].)

Volume 1 of Witkin, California Procedure (1954) section 42, at page 537, sets forth the rule as follows: ''Thus, a good pleading, properly alleging a contract cause of action, may be arbitrarily rejected with the explanation that the 'gravamen' of the action is tort.''

■ ''A mere breach of contract is not a wrongful or negligent act within the meaning of the statute and will not support an action for death; the statute has reference only to tortious acts.'' (25 C.J.S. § 23, at p. 1090.)

Contributory negligence is a defense to a death action brought under section 377 of the Code of Civil Procedure, as is noted in *Buckley* v. *Chadwick*, 45 Cal.2d 183, where it is said at page 194 [288 P.2d 12, 289 P.2d 242]: "Thus the availability of contributory negligence as a defense to wrongful death actions, brought under the statute which appears to be the progenitor of the California act, was firmly established when California acted." It was further stated at page 200: "It is a generally accepted principle that in adopting legislation the Legislature is presumed to have had knowledge of existing domestic judicial decisions and to have enacted and amended statutes in the light of such decisions as have a direct bearing upon them."

Thus, in fixing the rule that contributory negligence is a defense to a death action brought under Code of Civil Procedure section 377, it is expressly recognized that the section contemplates liability based on a tortious wrong and not on a contract.

The judgment is affirmed.

Conley, P. J., and Stone, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 26, 1965.