[S. F. No. 22196.   In Bank.   Feb. 28, 1966.]

HEIECK AND MORAN, Plaintiff and Appellant, v. CITY OF MODESTO, Defendant and Respondent.

Hall, Henry, Oliver & McReavy, Stephen McReavy, Ronald M. Sohigian and Lee H. Cliff for Plaintiff and Appellant.

Augustus Castro, William B. Boone, Stephen H. Slabach and Frank D. Tatum, Jr., for Defendant and Respondent.

Harry S. Fenton, Robert F. Carlson and Kenneth G. Nellis as Amici Curiae on behalf of Defendant and Respondent.

BURKE, J.—The second and third causes of action of the complaint herein seek recovery from defendant City of Modesto of damages to plaintiff's property caused by fire. The trial court sustained the city's general demurrer without leave to amend, and plaintiff appeals from the ensuing judgment dismissing the action as against the city. We have concluded that under prevailing rules of governmental immunity the city incurred no liability for plaintiff's alleged damages, and that the judgment should be affirmed.

In the second cause of action plaintiff alleges that on May 4, 1962, the fire department of defendant city was notified of a fire that had started at premises in the city adjoining those of plaintiff; that the department promptly responded with sufficient personnel, equipment and facilities to contain the fire, but because city employees had closed a valve in the water main there was no water in the fire hydrants and consequently the fire spread to plaintiff's premises; that the

valve had been closed to permit relocation of certain water mains, but although the relocation had been completed at least a month before the date of the fire the valve had not been turned on; that no city employee notified either the city fire department or plaintiff that the water was shut off and was not available at the fire hydrants to extinguish fires in the vicinity of plaintiff's premises.

In the third cause of action it is alleged that defendant city "well knew the County of Stanislaus maintained a fire department, with tank trucks, which was ready, willing and able to respond to said fire . . . ; [but defendant city] failed and neglected to notify said county fire department of the existence of said fire and negligently and carelessly failed to request its assistance in containing and extinguishing same."

Following the decision of this court in *Muskopf* v. *Corning Hospital Dist.* (55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457]), which became final February 27, 1961, and which held that the doctrine of governmental immunity could no longer be used to shield a public body from liability for the torts of its agents who acted in a ministerial capacity, the Legislature in 1961 enacted legislation suspending the rule of *Muskopf* until the 91st day after the final adjournment of the 1963 Regular Session. (Civ. Code, § 22.3; Stats. 1961, ch. 1404, §§ 3 and 4.) Thereafter, in *Corning Hospital Dist.* v. *Superior Court* (1962) 57 Cal.2d 488, 493 [3] [20 Cal.Rptr. 621, 370 P.2d 325], it was pointed out that pursuant to that legislation "an action may be brought and maintained in the manner prescribed by law on any cause of action which arose on or *after* February 27, 1961 and *before* the 91st day after the final adjournment of the 1963 Regular Session. . . ." (Italics added.) (See also *Shakespeare* v. *City of Pasadena* (1964) 230 Cal.App.2d 375 [40 Cal.Rptr. 863]; *Hayes* v. *State of California* (1964) 231 Cal.App.2d 48 [41 Cal.Rptr. 502]; *Moxon* v. *County of Kern* (1965) 233 Cal.App.2d 393 [43 Cal.Rptr. 481].)

As stated, the fire involved in this case took place in 1962. In 1963 the Legislature added division 3.6 to the Government Code (§§ 810-996.6) to deal comprehensively with the problem of governmental immunity. (*County of Los Angeles* v. *Superior Court* (1965) 62 Cal.2d 839, 843 [4] [44 Cal.Rptr. 796, 402 P.2d 868].) This legislation reinstated the rule of *Muskopf* to some extent, but restricted governmental liability in certain instances and limited the remedies in others. The

statute was expressly made retroactive "to the full extent that it constitutionally can be so applied." (Stats. 1963, ch. 1681, § 45, subd. (a).) This court has held that the 1963 legislation can constitutionally be applied to causes of action which arose prior to its effective date. (*County of Los Angeles* v. *Superior Court* (1965) *supra,* at pp. 844-846.)

In the light of the 1963 statute we are of the view that for two reasons the judgment herein must be affirmed with respect to plaintiff's alleged second cause of action.

First, section 815 of the Government Code declares that "Except as otherwise provided by statute: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person. (b) The liability of a public entity established by this part (commencing with Section 814) is subject to any immunity of the public entity provided by statute, . . . and is *subject to* any *defenses* that would be *available to* the public entity if it were *a private person.*" (Italics added.)

In *Stang* v. *City of Mill Valley* (1952) 38 Cal.2d 486, 491-492 [4, 5] [240 P.2d 890], it was held that the Public Liability Act of 1923 (Stats. 1923, ch. 328, § 2, p. 675; former Gov. Code, § 53051) did not impose liability for a fire loss to property due to defective firefighting equipment (there, water lines clogged with refuse). The ground of the holding was that a private water company would not be liable, which in turn was based upon earlier cases holding that neither a city (*Ukiah* v. *Ukiah Water & Imp. Co.* (1904) 142 Cal. 173 [75 P. 773, 100 Am.St.Rep. 107, 64 L.R.A. 231]) nor a private citizen (*Niehaus Bros. Co.* v. *Contra Costa Water Co.* (1911) 159 Cal. 305 [113 P. 375, 36 L.R.A. N.S. 1045]) could recover damages from a water company for a property loss by fire due to the company's failure to maintain its water system properly. It appears that in *Ukiah* the complaint was of insufficient water pressure at the fire hydrants, and in *Niehaus* the court found that (as alleged here) defendant had no "water supply in its mains available at the hydrants." Thus *Stang* did not turn on the doctrine of sovereign immunity, it was not overruled by *Muskopf,* and it is now reflected in the quoted provisions of section 815, subdivision (b), which confirm the absence of liability of the city under the circumstances here alleged by plaintiff. This holding likewise disposes of plaintiff's contention that liability is cast on defendant by the provisions of subdivision (a) of section

815.2 of the Government Code, which covers only acts for which a governmental employee would be liable.[1] (See also § 820, subd. (b).)[2]

Second, sections 850.2 and 850.4 of the Government Code expressly give immunity in this case. Section 850.2 provides that "Neither a public entity that has undertaken to provide fire protection service, nor an employee of such a public entity, is liable for any injury resulting from the failure to provide or maintain sufficient personnel, equipment or other fire protection facilities." Section 850.4 states that "Neither a public entity, nor a public employee acting in the scope of his employment, is liable for any injury resulting from the condition of fire protection or firefighting equipment or facilities or [with an exception relating to motor vehicles] for any injury caused in fighting fires." The complaint in the present case alleges that city employees while acting in the scope of their employment closed a water valve and left it closed. Thus whether the alleged injury to plaintiff's premises be viewed as resulting from "failure to provide or maintain sufficient . . . fire protection facilities" (§ 850.2), or from the closed "condition" of the water valve (§ 850.4) the conclusion is inescapable that the Legislature intended to establish immunity under the circumstances alleged by plaintiff.[3]

---

[1]Section 815.2, subdivision (a): "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."

[2]Section 820, subdivision (b): "The liability of a public employee established by this part (commencing with Section 814) is subject to any defenses that would be available to the public employee if he were a private person."

[3]It may be noted that this view is consistent with the report of the California Law Revision Commission, which in commenting on Government Code sections 850, 850.2, and 850.4 makes clear that it rejected suggested limitations on immunity for negligent fire protection, such as those now advanced by plaintiff. "Section 850.4 provides for absolute immunity from liability for injury caused in fighting fires (other than injuries resulting from operation of motor vehicles) or from *failure to properly maintain fire protection equipment or facilities*. There are adequate incentives to careful maintenance of fire equipment without imposing tort liability; . . ." (4 Cal. Law Revision Com. Rep., p. 862; italics added.) Professor Van Alstyne also recognized (Van Alstyne, Cal. Government Tort Liability, pp. 309, 618) that the Legislature did not adopt suggested limitations on such immunity made in his study (reprinted in 5 Cal. Law Revision Com. Rep., pp. 467-468), but instead adhered to existing immunity rules when it recast the entire law of governmental liability and immunity in 1963.

In the third cause of action plaintiff alleges that the city fire department, upon learning there was no water supply, negligently failed to summon the tank trucks of the county fire department.

Subdivision (b) of section 815.2 of the Government Code states that "Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."

Citing *Morgan* v. *County of Yuba* (1964) 230 Cal.App.2d 938, 942 [2] [41 Cal.Rptr. 508], plaintiff argues that failure of some member of defendant city's fire department to summon the county fire department was actionable. However, in *Morgan* it was the failure to carry out an alleged earlier promise to give warning (of release on bail of a dangerous prisoner) which was held to constitute one element of the asserted cause of action, rather than the making or the decision to make the promise. (P. 943 [4] of 230 Cal.App.2d.) In the present case it is not alleged that any city employee promised or represented that other assistance would be summoned when lack of water in the mains was discovered, and no duty to summon such assistance is either suggested or shown by plaintiff. (See Gov. Code, § 53021.) It follows that the trial court was correct in its view that plaintiff's third cause likewise failed to state a cause of action against defendant city.

The judgment is affirmed.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Peek, J., and Mosk, J., concurred.

Appellant's petition for a rehearing was denied March 30, 1966.