[Civ. No. 31809.   Second Dist., Div. Five.   Sept. 14, 1967.]

KAISER FOUNDATION HOSPITALS et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; LINDA VALERIE MOORE, Real Party in Interest.

328

Thelen, Marrin, Johnson & Bridges and John G. Flett for Petitioners.

No appearance for Respondent.

Robert G. Leff for Real Party in Interest.

McCOY, J. pro tem.*—Petitioners seek a writ of mandate to compel respondent court to enter an order granting their motion for a summary judgment. Petitioners contend that a prior judgment in their favor as defendants in a personal injury case brought by a husband and wife is a bar to a subsequent wrongful death action brought by the daughter of the deceased wife, and that the motion for summary judgment should have been granted on that ground.

The personal injury action was commenced in 1961 by Bernard Moore and Sybil Moore, husband and wife, against these petitioners and others. as defendants, seeking damages based upon the alleged negligent medical treatment of Sybil Moore. A jury trial resulted in a verdict for the defendants, and judgment thereon became final in 1964.

On March 23, 1965, the wrongful death action was commenced by Bernard Moore and Linda Valerie Moore, a minor, husband and daughter of the deceased Sybil Moore, based upon the same alleged acts of negligence as those alleged in the personal injury action. The real party in interest herein

---

*Assigned by the Chairman of the Judicial Council.

admits that the second complaint arose out of the same facts, but alleges that the wrongful death action seeks damages, not only for negligence, but for breach of contract arising from the Kaiser Permanente Plan.

Petitioners, defendants in the wrongful death action, moved for a summary judgment against both plaintiffs therein on the ground that the final judgment in the personal injury action was a bar. The respondent court, on January 26, 1967, entered its order granting the motion against plaintiff Bernard Moore on the ground that he was a party to the prior action and was collaterally estopped in this action. The motion was denied as to plaintiff Linda Valerie Moore, the real party in interest here, on the ground that since she was not a party to the prior action, she was not collaterally estopped by the prior judgment.

Although the order in question was made on January 26, 1967, the petition before us was not filed until May 15, 1967. The real party in interest does not complain of this delay. She contends, however, that this is not a proper case for the issuance of a writ of mandate. We agree.

Petitioners here contend that they are entitled to a writ of mandate compelling the respondent court to grant their motion for a summary judgment. They contend in substance, that to force them to go to trial in the wrongful death action and then appeal from an adverse judgment does not constitute a plain, speedy and adequate remedy.

It has been held that: ██ ██ ''A motion for summary judgment is a proper procedure by which to raise the defense of res judicata'' (*Smith* v. *City of Los Angeles,* 190 Cal.App. 2d 112, 128 [11 Cal.Rptr. 898]), and that an order denying a motion for a summary judgment is merely an intermediary judgment during trial and is nonappealable. (*Nevada Constructors, Inc.* v. *Mariposa etc. Dist,* 114 Cal.App.2d 816 [251 P.2d 53].) But whether petitioners are entitled to a writ of mandate to compel the granting of their motion for summary judgment in the circumstances of this case is quite another matter. ██ ''It is obvious that the writ of mandate, like other extraordinary writs, is not designed and should not be utilized to unduly control the ordinary activities of trial courts. In matters involving discretion it will not lie to control such discretion 'except in those rare instances where under the facts it cannot [can] be exercised in but one way,' as was declared in *Hilmer* v. *Superior Court,* 220 Cal. 71, 73 [29

P.2d 175], quoted in *Lincoln* v. *Superior Court,* 22 Cal.2d 304, 313 [139 P.2d 13].'' (*Monroe* v. *Superior Court,* 97 Cal. App.2d 470, 472 [218 P.2d 136]; *Dryer* v. *Dryer,* 231 Cal. App.2d 441, 446 [41 Cal.Rptr. 839].) ■ Similarly, ''Where the facts are undisputed and the law establishes the right of a party to an order or to the relief which the court has refused, the writ will lie.'' (*California etc. Co.* v. *Superior Court,* 13 Cal.App. 65, 70 [108 P. 882].)

■ A motion for summary judgment is one of several procedures established by law whereby a party may secure a favorable determination of his plea of res judicata and thus avoid a trial of the case on the merits.[1] It must be remembered, however, that the function of a motion for summary judgment is limited and is to be distinguished from a motion for a trial of an affirmative defense under section 597 of the Code of Civil Procedure. (2 Witkin, Cal. Procedure (1954) Proceedings Without Trial, § 76(d), p. 1713.) ■ ''As to the procedure under section 437c, Code of Civil Procedure, the following is stated as a fundamental principle in *Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553, 555 [122 P.2d 264] : 'The issue to be determined by the trial court in consideration of a motion thereunder is whether or not defendant has presented any facts which give rise to a triable issue or defense, and not to pass upon or determine the issue itself, that is, the true facts in the case. (Citations.) If that were not true controversial issues of fact would be tried upon affidavits by the court and not a jury.' In *Walsh* v. *Walsh,* 18 Cal.2d 439, 441 [116 P.2d 62], the same rule is expressed as follows : 'Thus, in passing upon a motion for summary judgment, the primary duty of the trial court is to decide whether there is an issue of fact to be tried. If it finds one, it is then powerless to proceed further, but must allow such issue to be tried by a jury unless a jury trial is waived.' '' (*Gardner* v. *Shreve,* 89 Cal.App.2d 804, 807 [202 P.2d 322].) ■ On the other hand, where it appears by agreement or otherwise that there is no material issue of fact to be tried, and that the sole question remaining is one of law as to whether the claim of the moving party is

---

[1] Where, for example, a defendant affirmatively pleads res judicata as a bar to plaintiff's claim, a decision in his favor on a motion under section 597, Code of Civil Procedure, for a separate trial of that defense before trial may render unnecessary the effort and expense of a trial on the merits. (2 Witkin, Cal. Procedure (1954) Trial, § 3, pp. 1726-1727.) The defense may also be raised on a motion to dismiss. (*Stafford* v. *Yerge,* 129 Cal.App.2d 165, 169 [276 P.2d 649].)

tenable on the undisputed facts, "That question of law could appropriately be determined on a motion for summary judgment." (*Wilson* v. *Wilson*, 54 Cal.2d 264, 269 [5 Cal.Rptr. 317, 352 P.2d 725]; cf. *National Union Fire Ins. Co. of Pittsburgh* v. *Superior Court*, 252 Cal.App.2d 568, 573[2] [60 Cal.Rptr. 535].) "The reason for the enactment of the provision for summary judgments is to help clear the courts of an overload of repetitious suits when it appears that no factual issue exists in the second cause, or that one side or the other is wholly without right." (*Dryer* v. *Dryer*, 231 Cal.App.2d 441, 449 [41 Cal.Rptr. 839].)

Although it now appears from an examination of the record after oral argument that the alternative writ may have been inadvertently issued, nevertheless, having issued the alternative writ we assume for the purpose of this opinion only that mandamus is the proper remedy and that a determination on the merits of the issues raised by the petition will expedite rather than disturb the orderly processes of justice. (*Lockheed Aircraft Corp.* v. *Superior Court*, 28 Cal.2d 481, 483-484 [171 P.2d 21, 166 A.L.R. 701]; *Bowles* v. *Superior Court*, 44 Cal.2d 574, 582 [283 P.2d 704]; 3 Witkin, Cal. Procedure (1954) Extraordinary Writs, § 31, pp. 2503-2504.)

In the case before us the facts are undisputed. On the basis of those facts petitioners contend that the prior judgment against Sybil Moore in the personal injury action is conclusive against her daughter, Linda Valerie Moore, as plaintiff in the wrongful death action on the issue of liability as a matter of law "because (1) the prior judgment negatives the existence of conditions which would charge the petitioners with responsibility for Sybil's death and (2) plaintiff is a privy or successor in interest of her mother and thus estopped from relitigating the issue of petitioners' liability for Sybil's injuries."

■ "The doctrine of res judicata has a double aspect. As the court stated in *Todhunter* v. *Smith* (1934) 219 Cal. 690, 695 [28 P.2d 916], '[a] former judgment operates as a bar against a second action upon the same cause, but in a later action upon a different claim or cause of action, it operates as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action.' [Citations.] In its first aspect, res judicata is effective as a merger or bar; in the second as a collateral estoppel. ■ While under either aspect, the doctrine is in

the usual instance operative to make an existing final judgment conclusive of the rights of parties to the former action or of those persons in privity with such parties (Rest., Judgments, §§ 79, 83), the doctrine has been invoked as a collateral estoppel by persons who are strangers, that is neither parties nor privies, to the former action." *McDougall* v. *Palo Alto etc. School Dist.,* 212 Cal.App.2d 422, 428 [28 Cal.Rptr. 37].)

We are concerned here only with the second aspect of the doctrine, since there is a lack of identity of causes of action.

"The cause of action for wrongful death provided for in Code of Civil Procedure § 377 is an original one, arising on the death in favor of those designated by the statute as entitled to bring the action. It is not a cause of action derived from the decedent, by way of survival of a cause he may have had." (55 Cal.Jur.2d, Wrongful Death, § 10, p. 403.) Plaintiff was not a party to the personal injury action, nor was she, as contended by petitioners, in privity with or a successor to the interests of her mother. Her action is not derivative in character or a continuation or revival of the cause of action which her mother had before her death. It is a separate and distinct cause of action now existing in the plaintiff.

With regard to the application of the doctrine of judgment as collateral estoppel to strangers, the general rule is stated in 3 Witkin, California Procedure (1954) Judgment, section 69, pages 1958-1959: "Apart from special circumstances a stranger to an action. i.e., a person neither a party nor in privity, is not bound by the judgment. It is immaterial that he may have been vitally interested in and directly affected by the outcome of the action; due process requires that he have his own day in court."

In *Bernhard* v. *Bank of America,* 19 Cal.2d 807 [122 P.2d 892], the court held (pp. 810-811) that while the doctrine of res judicata serves to protect persons from being twice vexed for the same cause, "It must, however, conform to the mandate of due process of law that no person be deprived of personal or property rights by a judgment without notice and an opportunity to be heard. (*Coca Cola Co.* v. *Pepsi Cola Co.,* 36 Del. 124 [172 Atl. 260]. See cases cited in 24 Am. and Eng. Encyc. (2d ed.), 731; 15 Cinn. L. Rev. 349, 351; 82 Pa.L.Rev. 871, 872.)" Then, after commenting on the "facile formula" stated by some courts "that the plea of res judicata is available only when there is privity and mutuality of estoppel," the court said (pp. 811-812): "The criteria for determining

who may assert a plea of res judicata differ fundamentally from the criteria for determining against whom a plea of res judicata may be asserted. The requirements of due process of law forbid the assertion of a plea of res judicata against a party unless he was bound by the earlier litigation in which the matter was decided. [Citations.] He is bound by that litigation only if he has been a party thereto or in privity with a party thereto. (*Ibid.*) There is no compelling reason, however, for requiring that the party asserting the plea of res judicata must have been a party, or in privity with a party, to the earlier litigation. No satisfactory rationalization has been advanced for the requirement of mutuality. Just why a party who was not bound by a previous action should be precluded from asserting it as res judicata against a party who was bound by it is difficult to comprehend.'' ▆▆▆▆ The court then stated these rules (p. 813) : ''In determining the validity of a plea of res judicata three questions are pertinent: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party *against whom the plea is asserted* a party or in privity with a party to the prior adjudication?''[2] (Italics added.)

Plaintiff necessarily admits that the issues as to defendants' negligence in her case are the same as those involved in the prior action in which there was a final judgment on the merits. ▆▆▆▆ The fact that she also seeks damages for

---

[2]It has been held that the doctrine of res judicata as declared in *Bernhard*, despite the broad language used, does not apply to multiple negligence claims of several plaintiffs against a single defendant or group of defendants arising out of a single accident so that the determination of the negligence of such defendant or defendants in one action successfully brought by one plaintiff will perforce be res judicata in all subsequent actions brought by the remaining plaintiffs, upon the mere basis that the defendant or group of defendants were parties to the first action. In *Nevarov* v. *Caldwell*, 161 Cal.App.2d 762 [327 P.2d 111], it was held that the plea of res judicata could not be used *offensively* by a plaintiff, a stranger to the prior action, against an adversary who was the defendant in the prior action. (See also, *Price* v. *Atchison etc. Ry. Co.*, 164 Cal. App.2d 400 [330 P.2d 933]; *McDougall* v. *Palo Alto etc. School Dist.*, 212 Cal.App.2d 422, 431 [28 Cal.Rptr. 37].) These cases establish the rules under which the doctrine may be asserted *by* a stranger to the prior action against one who was a party or privy to the former action. They, therefore, have no direct application to the present situation. However, it is appropriate to state that nothing in these decisions changes the basic rule, and in fact the courts therein reaffirm, that due process prohibits the assertion of the doctrine *against* a person who was neither a party nor in privity in the prior action.

*Secrest* v. *Pacific Elec. Ry. Co.*, 60 Cal.App.2d 746 [141 P.2d 747], cited by petitioners, is distinguishable from our case on the facts.

breach of contract does not alter the case, since a breach of contract does not give rise to a cause of action for damages for wrongful death. (*Moxon* v. *County of Kern,* 233 Cal. App.2d 393, 399 [43 Cal.Rptr. 481].) ▮ The fact remains that plaintiff was not a party to or in privity with a party to the prior action and is not bound by the judgment in that action. This being so, it would seem that under the rules stated in *Bernhard* v. *Bank of America, supra,* 19 Cal.2d at 813, the requirements of due process forbid the assertion of a plea of res judicata against her.

The alternative writ is discharged and the petition for a peremptory writ of mandate is denied.

Kaus, P. J., and Stephens, J., concurred.

Petitioners' application for a hearing by the Supreme Court was denied November 8, 1967. Traynor, C. J., McComb, J., and Burke, J., were of the opinion that the petition should be granted.