[Civ. No. 6646. Fifth Dist. June 23, 1983.]

NEW HAMPSHIRE INSURANCE COMPANY et al.,
Plaintiffs and Appellants, v.
CITY OF MADERA et al., Defendants and Respondents.

[Civ. No. 7034. Fifth Dist. June 23, 1983.]

CARLO FRANCO et al., Plaintiffs and Appellants, v.
CITY OF MADERA, Defendant and Respondent.

**COUNSEL**

Moore, Crawford & Stefanki, John E. Stefanki and Lawrence N. Hensley for Plaintiffs and Appellants.

Dawson & Ninnis, Wayne N. Witchez, Anthony T. Ross, Mark A. Wasser, County Counsel, and Harry A. Oberhelman III, Deputy County Counsel, for Defendants and Respondents.

**OPINION**

**FRANSON, Acting P. J.**—This is a consolidated appeal of two cases involving the same facts.

On May 31, 1980, a commercial building in the City of Madera (City) burned to the ground. Carlo Franco owned the building and was also a tenant. He leased space to other tenants, including appellants Donald Abshire, Michael Crafton and Frances Gonzales. When City firefighters arrived at the scene, their fire suppression efforts were hampered by a lack of water due to a closed water valve located several blocks away belonging to the City-owned water system. Pursuant to a mutual aid agreement between the City and County of Madera (County), County firefighters arrived and assisted the City firefighters in their attempt to suppress the fire.

In a Herculean effort to avoid the absolute immunity granted to public entities and public employees from liability for injuries or damages resulting from firefighting activity and from the condition of firefighting equipment or facilities (Gov. Code, §§ 850.2, 850.4), appellants have covered the waterfront in their attempt to state a cause of action against the City and County, to no avail. The parties in the two cases and the various causes of action alleged therein are set forth below.

In 5 Civil No. 6646, a complaint for damages was filed against the City and County and various fictitiously named defendants. The complaint alleged appellants New Hampshire Insurance Company and United States Fidelity and Guaranty Company were insurers and subrogees of Franco and Abshire, respectively. It further alleged that the subrogees had paid insurance benefits to Franco and Abshire by reason of the fire damages sustained to the property owned or rented by the subrogors. Approximately $600,000 was paid to Franco, and approximately $120,000 was paid to Abshire.

The complaint consisted of 16 causes of action. Causes of action one and two alleged the City installed and maintained a water delivery system and had actual knowledge of the dangerous condition of the closed valve. In addition, it was alleged no precautions had been taken to prevent tampering. Causes of action three and four were similar to the first two causes of action and alleged an unknown City employee knew or should have known the valve constituted a dangerous condition, but this employee did not remedy the situation. Causes of action five and six were grounded in negligence alleging the City in the exercise of due care should have discovered and remedied the dangerous condition of the valve.

Causes of action seven and eight related to negligent third parties who are not part of the instant appeal.

Causes of action nine and ten alleged there was a mutual aid contract between the County and City, and the County either did not respond or did not respond with sufficient equipment as required under the contract. The

subrogees alleged they were third party beneficiaries under the contract. Causes of action 11 and 12 alleged that pursuant to the mutual aid contract, the County had a duty to respond to a call for aid from the City or to warn property owners of the County's inability or unwillingness to respond with adequate equipment or personnel. Causes of action 13 and 14 alleged City firefighters failed and refused to adequately direct and utilize the equipment and personnel provided by the County.

Causes of action 15 and 16 related to third parties who are not a party to this appeal.

Respondents' (City and County) demurrer was granted with 20 days leave to amend. When the 20 days expired, a judgment of dismissal was entered.

In 5 Civil No. 7034, an amended complaint was filed by appellants Franco, Abshire, Crafton and Gonzales against the City and County for damages, lost rentals and other income.

The first cause of action alleged members of the City police and fire departments prevented appellants from suppressing the fire and from rescuing their own property.

The second cause of action alleged the County had sufficient equipment and personnel but certain unnamed members of the City fire department failed and refused to direct, control and supervise the County personnel and equipment. Appellants asserted they were third party beneficiaries of the "mutual aid contract" between the City and the County.

The third cause of action alleged certain unknown City employees negligently closed a valve in the water system, and then negligently failed to open the valve or warn the City of its condition.

The trial court sustained the respondents' demurrer without leave to amend.

## DISCUSSION

### Governmental Immunity
The following immunity statutes relate to fire protection.

Government Code section 850.2: "Neither a public entity that has undertaken to provide fire protection service, nor an employee of such a public entity, is liable for any injury resulting from the failure to provide or maintain sufficient personnel, equipment or other fire protection facilities."

Government Code section 850.4: "Neither a public entity, nor a public employee acting in the scope of his employment, is liable for any injury resulting from the condition of fire protection or firefighting equipment or facilities or, except as provided in Article 1 (commencing with Section 17000) of Chapter 1 of Division 9 of the Vehicle Code, for any injury caused in fighting fires."

Appellant[1] sets the stage for its argument of City liability by observing that governmental immunity statutes should be narrowly construed, i.e., liability is the rule as a matter of public policy. (*Potter* v. *City of Oceanside* (1981) 114 Cal.App.3d 564, 566 [170 Cal.Rptr. 753]; *Vedder* v. *County of Imperial* (1974) 36 Cal.App.3d 654, 660 [111 Cal.Rptr. 728].)

Appellant asserts the City's "water delivery system" and the closed valve near Franco's property constituted a dangerous condition of property which was *not* fire department property or property under the control of City fire personnel. From this premise, appellant argues that the immunities contained in Government Code sections 850-850.4 are inapplicable. According to appellant, section 850[2] merely immunizes a public entity for making the political decision not to have a fire department; section 850.2 only immunizes public entities against the decision of how much equipment or how many facilities are to be provided; and section 850.4 only immunizes public entities against liability for *conditions* of fire protection, firefighting equipment or facilities and for any injury caused in fighting fires.

While this argument may have some merit in the abstract, unfortunately for appellant the California Supreme Court has decided otherwise. In *Heieck and Moran* v. *City of Modesto* (1966) 64 Cal.2d 229 [49 Cal.Rptr. 377, 411 P.2d 105], the plaintiff filed a complaint for damages to his property caused by fire. The second cause of action alleged city fire personnel promptly responded with sufficient personnel, equipment and facilities to contain the fire, "but because city employees had closed a valve in the water main there was no water in the fire hydrants and consequently the fire spread to plaintiff's premises." The valve had been closed to permit relocation of water mains, but it had not been opened despite the fact the relocation had been completed at least a month before the date of the fire. (*Id.,* at pp. 230-231.)

The Supreme Court upheld the trial court's granting of a demurrer without leave to amend on two grounds. First, the court cited Government Code

---

[1]Appellants will collectively be referred to as appellant.

[2]Government Code section 850 provides, "Neither a public entity nor a public employee is liable for failure to establish a fire department or otherwise to provide fire protection service."

section 815[3] and then declared: "In *Stang* v. *City of Mill Valley* (1952) 38 Cal.2d 486, 491-492 . . . , it was held that the Public Liability Act of 1923 (Stats. 1923, ch. 328, § 2, p. 675; former Gov. Code, § 53051) did not impose liability for a fire loss to property due to defective firefighting equipment (there, water lines clogged with refuse). The ground of the holding was that a private water company would not be liable, which in turn was based upon earlier cases holding that neither a city (*Ukiah* v. *Ukiah Water & Imp. Co.* (1904) 142 Cal. 173 . . . ) nor a private citizen (*Niehaus Bros. Co.* v. *Contra Costa Water Co.* (1911) 159 Cal. 305 . . . ) could recover damages from a water company for a property loss by fire due to the company's failure to maintain its water system properly. It appears that in *Ukiah* the complaint was of insufficient water pressure at the fire hydrants, and in *Niehaus* the court found that (as alleged here) defendant had no 'water supply in its mains available at the hydrants.' Thus *Stang* did not turn on the doctrine of sovereign immunity, it was not overruled by *Muskopf*, and it is now reflected in the quoted provisions of section 815, subdivision (b), which confirm the absence of liability of the city under the circumstances here alleged by plaintiff. This holding likewise disposes of plaintiff's contention that liability is cast on defendant by the provisions of subdivision (a) of section 815.2 of the Government Code, which covers only acts for which a governmental employee would be liable. (See also § 820, subd. (b).)" (64 Cal.2d at pp. 232-233, fns. omitted.)

As a second reason, the court held: ". . . sections 850.2 and 850.4 of the Government Code expressly give immunity in this case. . . . The complaint in the present case alleges that city employees while acting in the scope of their employment closed a water valve and left it closed. Thus whether the alleged injury to plaintiff's premises be viewed as resulting from 'failure to provide or maintain sufficient . . . fire protection facilities' (§ 850.2), or from the closed 'condition' of the water valve (§ 850.4) the conclusion is inescapable that the Legislature intended to establish immunity under the circumstances alleged by plaintiff." (64 Cal.2d at p. 233, fn. omitted.)

*Heieck* controls the present case. *Heieck* holds by implication that a valve in a city water system used to furnish water to fight fires is part of the city fire protection "facilities." Thus, liability is precluded under both section 850.2 (failure to provide or maintain sufficient fire protection facilities) and

---

[3]Government Code section 815 provides: "Except as otherwise provided by statute:

"(a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.

"(b) The liability of a public entity established by this part (commencing with Section 814) is subject to any immunity of the public entity provided by statute, including this part, and is subject to any defenses that would be available to the public entity if it were a private person."

section 850.4 (relating to the condition of the fire protection or firefighting equipment and facilities). In addition, the failure of City employees in the instant case to discover the closed valve and to open it, or to warn appellant that it was closed, or to prevent tampering with the valve clearly falls within the immunity granted in Government Code section 815. Absent a statute providing for liability in such situations, the City is simply immune from liability (§ 815, subd. (a)). *Heieck* specifically rejected the argument that section 815.2, subdivision (a),[4] constitutes authority for public entity liability based on the acts of its employees. (64 Cal.2d at pp. 232-233.) Although immunity statutes are to be strictly construed, "the conclusion is inescapable that the Legislature intended to establish immunity under the circumstances alleged . . . ." (64 Cal.2d at p. 233.)

Appellant's argument that the immunities provided in sections 850 through 850.4 do not bar recovery under causes of action three, four, fifteen and sixteen because these causes of action are not premised on a dangerous condition of property theory under Government Code section 835 (which is subject to the immunity statutes), but rather are based on acts of specific negligence by City employees also must fail. Again, either *Heieck, supra,* or Government Code section 815 controls. Appellant's assertion that the negligent acts of nonfirefighting City employees do not constitute firefighting activity is foreclosed since the water valve constituted part of the City fire protection facilities.

Appellant seeks to distinguish *Heieck* by arguing that in the present case the City had a *mandatory duty* to adequately maintain its fire equipment and water system via the adoption of the Uniform Fire Code (1979 ed.) in City ordinance No. 333.[5] No such mandatory duty was asserted in *Heieck*. In making this contention, appellant relies on Government Code section 815.6: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

The Law Revision Commission comment to this section states: "This section declares the familiar rule, applicable to both public entities and

---

[4]Section 815.2, subdivision (a) provides: "(a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."

[5]Ordinance No. 333 was adopted by the Madera City Council on May 4, 1980. It amended the municipal code to adopt by reference the texts of the 1979 editions of the Uniform Fire Code as well as the Uniform Building, Sign, Mechanical, Housing, Plumbing, Swimming Pool, Solar Energy and Electrical Codes.

private persons, that failure to comply with applicable statutory or regulatory standards is negligence unless reasonable diligence has been exercised in an effort to comply with those standards.''

Appellant cites to section 1.102, subdivision (a), of the Uniform Fire Code (1979 ed.) which provides that the regulations contained therein are consistent with nationally recognized good practice for the safeguarding to a reasonable degree of life and property from the hazards of fire. In addition Uniform Fire Code section 10.302, subdivision (a), provides in relevant part: ''All . . . fire hydrant systems . . . and other fire-protective or extinguishing systems or appliances shall be maintained in an operative condition at all times and shall be replaced or repaired where defective. Fire-protective or extinguishing systems coverage, spacing, and specifications shall be maintained in accordance with recognized standards at all times. . . .''

Appellant, however, fails to mention Uniform Fire Code section 2.108: ''This code shall *not* be construed to hold the public entity or any officer or employee responsible for any damage to persons or property by reason of the inspection or reinspection authorized herein provided or by reason of the approval or disapproval of any equipment or process authorized herein, *or for any action in connection with the control or extinguishment of any fire or in connection with any other official duties.*'' (Italics added.)[6]

■ Whether particular statutory or regulatory language is intended to impose a mandatory duty of care toward a particular class of persons is a question of law (see *Morris* v. *County of Marin* (1977) 18 Cal.3d 901 [136 Cal.Rptr. 251, 559 P.2d 606]). The statutory language itself is a most important guide in determining legislative intent (*id.,* at p. 910, fn. 6). ■ It is obvious from the quoted language of Uniform Fire Code section 2.108 that by adopting the code the City did not intend to impose on itself or its employees a mandatory duty of care toward persons and property within the City so as to provide a basis of civil liability for damages. To the contrary, section 2.108 evidences a clear legislative intent to preserve the immunities provided under sections 850.2 and 850.4.[7]

---

[6]Both counsel's failure to cite Uniform Fire Code section 2.108 is inexplicable. Appellants' counsel also failed to discuss in his second opening brief the controlling decision in *Heieck and Moran* v. *City of Modesto, supra,* 64 Cal.2d 229, which was cited earlier in respondent's first brief.

[7]In light of Uniform Fire Code section 2.108, it is clear that the City's adoption of the Uniform Fire Code was intended to confer a benefit on the community as a whole but not to establish a duty of care toward the particular citizens of the City. The following statement from *Stang* v. *City of Mill Valley, supra,* 38 Cal.2d 486, 489, is particularly pertinent: ''[The failure of a governmental function] involves the denial of a benefit owing to the community as a whole, but it does not constitute a wrong or injury to a member thereof so as to give rise to a right of individual redress (Restatement of Torts, § 288 [see also Rest.2d Torts, §§ 286, 288]), which right must be predicated upon the violation of a duty of care

"We must assume that when the City adopted the 1979 edition of the Uniform Fire Code, the City was aware of section 2.108 as well as the existing immunity statutes. Thus, we may not construe the fire code in a way that would thwart legislative policy by destroying immunity protection.

### Third Party Beneficiary Theory

■ Appellant's final contention is that it was a third party beneficiary of the mutual aid contract between the County and the City. Since contractual liability is exempted from the immunities contained in the Tort Claims Act (Gov. Code, § 814),[8] appellant argues the demurrers were erroneously granted on this issue. This argument also fails.

Civil Code section 1559 provides: "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." This section, however, excludes enforcement of a contract by persons who are only incidentally or remotely benefited by it. (*Lucas* v. *Hamm* (1961) 56 Cal.2d 583, 590 [15 Cal.Rptr. 821, 364 P.2d 685].) American law generally classifies persons having enforceable rights under contracts of which they are not parties as either creditor beneficiaries or donee beneficiaries. California decisions follow this classification. (*Martinez* v. *Socoma Companies, Inc.* (1974) 11 Cal.3d 394, 400 [113 Cal.Rptr. 585, 521 P.2d 841].)

A person cannot be a creditor beneficiary unless the promissor's performance of the contract will discharge some form of legal duty owed to the beneficiary by the promissee. (*Ibid.*) Here, appellant has not shown the performance of the mutual aid contract would discharge a legal duty owed by the City (or County) to the appellant. (*Ibid.*) Counties are not required by law to establish fire departments. While Government Code section 38611 requires general law cities to establish fire departments, as noted earlier, decisions regarding its management and operations are left to the legislative discretion of the city. Moreover, as we have previously explained, there was no statutory or common law duty owed by the City to appellant to prevent destruction of their property by fire. (*Heieck and Moran* v. *City of Modesto, supra,* 64 Cal.2d 229; *Stang* v. *City of Mill Valley, supra,* 38 Cal.2d 486, 489-490.)

---

owed to the injured party. [Citation.] As the maintenance and operation of a fire department is so distinguished as a governmental function for the public good, it is 'well settled that a municipal corporation is not responsible for the destruction of property within its limits by a fire which it did not set, merely because, through the negligence or other default of the corporation or its employees, the members of the fire department failed to extinguish the fire.' [Citation.]"

[8]Government Code section 814 provides: "Nothing in this part affects liability based on contract or the right to obtain relief other than money or damages against a public entity or public employee."

A person is a donee beneficiary only if the promissee's contractual intent either is to make a gift to the beneficiary or to confer on him a right against the promissor. (Rest. Contracts, § 133, subd. (1)(a); *Martinez, supra,* 11 Cal.3d 400-401.) This rule does not aid appellants because we cannot impute to the City an intent to make a gift to appellant or to confer upon appellant a right against the County, i.e., neither intent may be inferred from the mere fact that the contract confers a benefit upon appellant.

Finally, a holding that the insureds in the instant case were third party beneficiaries of the contract between the County and the City would be contrary to public policy since it would discourage cities and counties from entering into mutual aid agreements due to the possibility of creating a civil liability that otherwise would not exist.

The judgment is affirmed.

Hanson (P. D.), J., and Woolpert, J., concurred.