[No. A026919. First Dist., Div. Four. Aug. 29, 1984.]

CITY AND COUNTY OF SAN FRANCISCO et al., Petitioners, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
ALBERT LOURDEAUX et al., Real Parties in Interest.

**COUNSEL**

George Agnost, City Attorney, and Philip S. Ward, Deputy City Attorney, for Petitioners.

No appearance for Respondent.

Patrick E. Catalano and George J. Shea for Real Parties in Interest.

**OPINION**

**PANELLI, J.**—This case involves the question of whether a city and individual firemen working for that city can be liable for failure to arrive at

a fire in a timely manner through the firemen's unauthorized absence from their fire station. We hold that the city and the firemen are not liable.

On November 23, 1980, fire damaged the real property of real parties in interest. Real parties filed a complaint against the City and County of San Francisco and individual personnel of the city's fire department, petitioners herein, and against a paint company. Their causes of action against petitioners arise from allegations that personnel of engine company 22, which was located approximately 300 feet from real parties' property, participated in an improper social gathering, an abalone dinner, at engine company 31 on the evening of the fire with the result that company 22's firehouse was left unmanned. The fire was reported by persons who ran directly to engine company 22 rather than by calls to department headquarters. As a result of engine company 22's absence from their firehouse, response to the fire was delayed and extensive damage to the real property of real parties resulted.

In a fifth amended complaint, several theories of liability are posited. For example, real parties alleged that liability arose from the special relationship that existed between engine company 22 and its neighbors and from the breach of mandatory rules of the fire department. In the seventh cause of action, real parties alleged that the city and county was liable for the property damage caused by its employees who intentionally, negligently, wilfully, and wrongfully failed to carry out their duties. It was only the seventh cause of action that survived a general demurrer. ■ The city now argues that its demurrer to this cause of action should have been sustained as well since it owed no duty of care to real parties and, even if it did, it is immune from liability.

The statutes upon which liability of the city is alleged in the instant case are Government Code section 815.2 subdivision (a) which makes a public entity liable for the torts of its employees and section 815.6 which makes a public entity liable for its failure to discharge a mandatory duty.[1] On the other hand, immunity is premised upon section 850.4 which provides that "[n]either a public entity, nor a public employee acting in the scope of his employment, is liable . . . for any injury caused in fighting fires" and section 850 which provides that "[n]either a public entity nor a public employee is liable for failure . . . to provide fire protection."[2]

---

[1]All statutory references herein are to the Government Code unless otherwise indicated.

[2]Section 815.2 provides: "(a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative. [¶] (b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an

Prior to the enactment of the California Tort Claims Act in 1963 with its statutory immunities for fire protection services, the Supreme Court considered an action by a property owner against a municipal corporation for the negligence of its employees in maintaining a water main and hydrant which became so clogged that there was insufficient water to put out a fire quickly enough to spare plaintiff's property from substantial damage. A cause of action was denied upon the reasoning that there was no liability at common law—no duty of care, public or private—to the inhabitants of the city in this situation. "Upon analysis, it clearly appears that the gravamen of plaintiffs' complaint is the failure of a governmental function. Such failure involves the denial of a benefit owing to the community as a whole, but it does not constitute a wrong or injury to a member thereof so as to give rise to a right of individual redress [citation], which right must be predicated upon the violation of a duty of care owed to the injured party. [Citation.] As the maintenance and operation of a fire department is so distinguished as a governmental function for the public good, it is 'well settled that a municipal corporation is not responsible for the destruction of property within its limits by a fire which it did not set, merely because, through the negligence *or other default* of the corporation or its employees, the members of the fire department failed to extinguish the fire.' [Citation.]" (*Stang* v. *City of Mill Valley* (1952) 38 Cal.2d 486, 489-490 [240 P.2d 980], italics added.) After the enactment of the Tort Claims Act, the Supreme Court considered a similar claim against a city. It held that no cause of action existed against the city for two reasons. First, the court applied *Stang* and found no liability and second, the court found immunity pursuant to the provisions of sections 850.2 and 850.4. (*Heieck and Moran* v. *City of Modesto* (1966) 64 Cal.2d 229, 232-233 [49 Cal.Rptr. 377, 411 P.2d 105]; see also *New Hampshire Ins. Co.* v. *City of Madera* (1983) 144 Cal.App.3d 298, 303-305 [192 Cal.Rptr. 548].) In one of its causes of action, plaintiff in *Heieck* also premised liability on a failure of the city fire department to summon the tank trucks when it found the water supply was not available. Again, the court held that there was no duty to summon such assistance.

employee of the public entity where the employee is immune from liability."

Section 815.6 provides: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

Section 850.4 provides: "Neither a public entity, nor a public employee acting in the scope of his employment, is liable for any injury resulting from the condition of fire protection or firefighting equipment or facilities or, except as provided in Article 1 (commencing with Section 17000) of Chapter 1 of Division 9 of the Vehicle Code, for any injury caused in fighting fires."

Section 850 provides: "Neither a public entity nor a public employee is liable for failure to establish a fire department or otherwise to provide fire protection service."

Real parties in their pleading attempt to avoid this basic problem of lack of duty by alleging that a special relationship existed between engine company 22 and plaintiffs because they were neighbors. Respondent court rejected this theory and also rejected the theory that a mandatory duty arose from fire department regulations. Rather respondent court concluded that the allegations of intentional, wilful or reckless misconduct distinguish this complaint from those seeking damages for the ordinary negligence of firemen. We disagree.

Turning first to the effect of these allegations on statutory liability itself, real parties urge this court to recognize the difference between conduct which is merely negligent and "conduct intentionally committed in such a reckless manner as to greatly increase the likelihood of injury to third parties." Petitioners, on the other hand, contend that since there was no duty owed by them to real parties, it doesn't matter if their conduct was wilful, reckless, or with conscious disregard or even intentional. This contention is supported by quoting the observations of Van Alstyne that "If no duty . . . is established, there can be no liability, even though the defendant's conduct may have been thoughtless or cruel." (Van Alstyne, Cal. Government Tort Liability Practice (Cont.Ed.Bar 1980) § 2.32, p. 79.)

However, there are obvious consequences which attach to wilful, wanton and reckless conduct in the law of negligence, and in listing these Prosser mentions that such conduct has been held to "justify a broader duty, and more extended liability for consequences." (Prosser, Law of Torts (4th ed. 1971) p. 184.) Even assuming arguendo that a persuasive argument on these lines could be advanced, or assuming that real parties could prevail in their argument that a duty arose from mandatory department rules, they would still have to overcome the immunity hurdle. We believe they cannot do so.

Firemen are immune from liability for injuries "caused in fighting fires." (§ 850.4.) Real parties contend that the Legislature never intended immunity for wilful misconduct and point to section 850.8 which, while in the same chapter of the Tort Claims Act, provides immunity from liability with the proviso that "a public employee is liable for injury proximately caused by his wilful misconduct in transporting the injured person or arranging for the transportation."[3] The enactment of section 850.8 at the same time sec-

---

[3]Section 850.8 provides: "Any member of an organized fire department, fire protection district, or other firefighting unit of either the state or any political subdivision, any employee of the Department of Forestry, or any other public employee when acting in the scope of his or her employment, may transport or arrange for the transportation of any person injured by a fire, or by a fire protection operation, to a physician and surgeon or hospital if the injured person does not object to the transportation. [¶] Neither a public entity nor a public employee is liable for any injury sustained by the injured person as a result of or in connection with that transportation or for any medical, ambulance or hospital bills incurred by or in behalf of the injured person or for any other damages, but a public

tion 850.4 was enacted strongly suggests that the immunity of section 850.4 covers wilful misconduct as well as ordinary negligence. Where the Legislature intended the negligence and wilful misconduct to be treated differently, it so specified. (See also *Clayton* v. *City of Sunnyvale* (1976) 62 Cal.App.3d 666, 671 [133 Cal.Rptr. 306].)

■ The absolute immunity of section 850.4 absolves the city from liability for acts of itself or its employees while they are "fighting fires." It does not apply if firemen are engaged in an activity other than firefighting and thus has been held not to apply where the department responds to life-threatening but nonfire related emergencies. (*Lewis* v. *Mendocino Fire Protection Dist.* (1983) 142 Cal.App.3d 345 [190 Cal.Rptr. 883].)

■ Getting to the fire quickly is of the very essence of firefighting. However, even if section 850.4 could be so narrowly construed as to apply to actions only after the firemen reached the fire, the immunity of section 850 would apply for then the acts of the firemen must be viewed as a failure "to provide fire protection service."

Let a peremptory writ of mandate issue directing respondent court to set aside its order overruling in part petitioners' demurrer to the fifth amended complaint, to sustain the demurrer without leave to amend to all causes of action against petitioners in the fifth amended complaint, and to enter judgment in favor of petitioner.

Poché, Acting P. J., and Travis, J.,* concurred.

---

employee is liable for injury proximately caused by his wilful misconduct in transporting the injured person or arranging for the transportation."

*Assigned by the Chairperson of the Judicial Council.