**CERRO GORDO HOTEL COMPANY,**
Appellant,

v.

**The CITY OF MASON CITY, Iowa, A Municipal Corporation, Stanley C. Romans, Charles McGreevey, Jon S. Ewing, and Bob McKiness Excavating & Grading, Inc., An Iowa Corporation, Appellees.**

No. 92–988.

Court of Appeals of Iowa.

June 29, 1993.

Michael A. Smith of Landry, Butler & Smith, P.C., Eldora, for appellant.

Herman P. Folkers, City Atty., for Mason City appellees.

Walter C. Schroeder of Schroeder & Anderson, Mason City, for appellee Bob McKiness Excavating & Grading, Inc.

Heard by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ., but decided en banc.

HAYDEN, Judge.

This case arises from defendants' demolition of two adjacent buildings owned by Plaintiff Cerro Gordo Hotel Company (Cerro Gordo). The two buildings, the Park 70 Theater and Eadmar Hotel, were located in Mason City. The buildings had been in a state of disrepair prior to June 1988. An earlier nuisance action brought by the city of Mason City against Cerro Gordo had resulted in a stipulation between the parties. They agreed Cerro Gordo had to take down the buildings by March 1989.

On Saturday, June 25, 1988, the roof of one of the buildings partially collapsed. Several attempts were made to contact the owners, officers, or agents of Cerro Gordo, but they were unsuccessful. Vance Jorgenson, the sole stockholder of Cerro Gordo, testified he received a phone message on Sunday that the Park 70 Theatre had collapsed. Late Sunday morning, June 26, 1988, Jorgenson surveyed the site. At that time he made no attempt to talk with any city official; rather, he left Mason City to obtain expert advice.

Defendant Charles McGreevey, the inspection services director for Mason City, inspected the buildings on June 25, 1988. McGreevey did not consult with an engineer but considered the possibility of collapse an emergency to the public outside of the building. McGreevey subsequently consulted with Bob McKiness of Defendant McKiness Excavating and Grading Inc. (McKiness) concerning the condition of the buildings. The decision to conduct the demolition was made on Saturday evening. McGreevey indicates he made the final decision for the demolition but the situation was discussed with defendant Jon Ewing, the director of community

and economic development, and Defendant Stanley Romans, the Mason City mayor. McKiness performed the actual demolition of plaintiff's buildings on Sunday afternoon, June 26, 1988.

On June 22, 1990, Cerro Gordo filed its petition asserting a 42 U.S.C. § 1983 claim, trespass claim, and negligence claims against Mason City, Stanley Romans, Charles McGreevey, Jon Ewing, and McKiness as defendants. The case proceeded to a jury trial. Plaintiff presented evidence indicating the buildings were structurally sound and argued the demolition was unnecessary. Defendants presented evidence negating plaintiff's claims. Plaintiff had proposed a jury instruction on its claim defendants were negligent in determining an emergency existed and in determining the situation required the demolition pursued by the city. The court refused to instruct on the negligence issues, granting defendants a directed verdict on those issues. The case went to the jury on the remaining issues. The jury rendered a verdict for defendants. On May 21, 1992, the district court entered an order dismissing plaintiff's claims against defendants. Plaintiff appeals, contending the district court erred in failing to submit defendants' liability to the jury under a theory of negligence.

I. Cerro Gordo contends the trial court erred in refusing to submit the issue of negligence for consideration by the jury. Plaintiff contends defendants exercised their right to demolition under emergency powers in a negligent manner. Specifically, plaintiff claims defendants were negligent (1) in determining an emergency existed or (2) in determining the situation required demolition to the extent pursued. The gist of plaintiff's argument is defendants were negligent because they too hastily demolished plaintiff's buildings.

The issue on appeal is whether the trial court erred in refusing to give a separate instruction to the jury on the issues of negligence. We conclude the trial court properly refused to submit a negligence instruction. We affirm.

■ First, we address plaintiff's negligence claim as against Defendant McKiness. Parties to a lawsuit have a right to have their legal theories submitted to the jury so long as the theories are supported by substantial evidence in the record. *Schmeling v. Ott,* 388 N.W.2d 195, 199 (Iowa App.1986) (citation omitted). To give a proposed jury instruction, the evidence must be sufficient to warrant submission to the jury. *Irons v. Community State Bank,* 461 N.W.2d 849, 857 (Iowa App.1990) (citing *Gunnison v. Torrey,* 216 N.W.2d 361, 364 (Iowa 1974)). Plaintiff's negligence claim is not supported by evidence. The record does not reveal testimony regarding the standard of care upon which the jury could judge the conduct of McKiness. We conclude the trial court properly refused to submit this issue against McKiness.

■ In addressing this alleged error with regard to the other defendants, we examine the relevant statutory provisions in Iowa Code chapter 613A. Section 613A.2 imposes liability upon a municipality:

Except as otherwise provided in this chapter, every municipality is subject to liability for its torts and those of its officers and employees, acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function.

Iowa Code § 613A.2 (1991). Under chapter 613A, a "tort" includes "actions based upon negligence." Iowa Code § 613A.1(3) (1991). Section 613A.4 exempts a municipality from certain claims. Most significant, a municipality is exempted from liability on claims arising out of actions taken in response to an emergency situation:

The liability imposed by section 613A.2 shall have no application to any claim enumerated in this section. . . .

    \*    \*    \*    \*    \*    \*

[a] claim based upon or arising out of an act or omission in connection with an emergency response including but not limited to acts or omissions in connection with emergency response communications services.

Iowa Code § 613A.4(11) (1991). The emergency defense protects defendants from liability if a fact finder concludes an emergency

existed and defendants acted in response to the situation. *Id.* In light of the emergency defense instruction, which required the jury to consider whether an emergency existed and the nature of defendants actions, the trial court properly determined a negligence instruction was not required.

■ In addition to this statutory interpretation, we also rely upon general principles governing jury instructions to support our decision. The trial court is not required to make additions to instructions as requested by a party when the concept of the instruction had already been embodied in the other instructions. *Aller v. Rodgers Mach. Mfg. Co.*, 268 N.W.2d 830, 838 (Iowa 1978) (citation omitted). The concepts involved in plaintiff's negligence claim are incorporated in the emergency defense and trespass instructions. In this case jury instruction 21, which set forth the emergency defense, provided:

> The Defendants contend that the property was a public nuisance that was an imminent hazard to the safety of the public. Defendants assert that Plaintiff was not entitled to the due process requirements of prior notice and hearing because the demolition conducted was required to protect the safety of the public.

> As set forth in Instruction No. 17, ordinarily the owner of the property is entitled to due process (notice and hearing) to determine whether, in fact, the property is a nuisance or hazard. Doing away with the requirement of due process is only permitted under emergency circumstances. Destruction of property for the convenience of the public or for public expediency does not justify denial of one's right to due process.

> To justify summary destruction of a public nuisance or hazard, without affording the due process elements of prior notice and hearing, the person destroying the property must prove that the property was, in fact, a hazard to the public's safety and that destruction was necessary to eliminate the hazard.

> The act of entering onto property to eliminate a public nuisance must be exercised with caution. Actions short of raiz-ing [sic] a building may be called for if a public hazard can be eliminated with less drastic action which eliminates the condition constituting the hazard.

> In order for the Defendant to establish the defense of emergency, all of the following must be established:

> 1. An emergency situation existed.

> 2. The Plaintiff's property constituted a public nuisance that was an immediate hazard to the public's safety.

> 3. The demolition of the property was the only adequate method of eliminating the hazard under the circumstances.

> If you find the Defendant has proved all of these propositions, then the Defendant has established his or its defense of emergency, and your verdict should be for the Defendant.

This instruction requested the jury to determine whether defendants' decision to demolish the buildings was proper. The instructions on trespass required the jury to determine whether defendants trespassed and if actions by defendants were the proximate cause of damage to plaintiff. Plaintiff sought the negligence instruction on the basis defendants were negligent in determining an emergency existed and in demolishing the buildings to the extent pursued. These instructions inquired into whether an emergency existed. The instructions also submitted to the jury the concept of the reasonableness of defendants' actions. When the substance of the requested instruction is covered by other instructions, it is not error to refuse a party's request. *Palleson v. Jewell Coop. Elevator*, 219 N.W.2d 8, 17 (Iowa 1974). We conclude the trial court did not err in refusing to submit the negligence instruction.

In affirming the trial court's rejection of the negligence instruction, we take particular note of the stipulated agreement between the city and Cerro Gordo. In response to a nuisance action initiated by the city, the parties had entered into a stipulated agreement on April 4, 1988. The agreement provided Cerro Gordo had to take down the two buildings by March 1989. At the time of the collapse in June 1988, Cerro Gordo had not made any attempts to demolish the buildings.

The trial court properly refused to submit issues involving defendants' fault under a theory of negligence. We affirm the trial court on this issue.

■  II.  On appeal plaintiff challenges the constitutionality of Iowa Code section 613A.4(11). This issue was not preserved for appeal. We have repeatedly held that ordinarily, matters not raised in the trial court, including constitutional questions, cannot be effectively asserted for the first time on appeal. *State v. Wagner*, 484 N.W.2d 212, 217 (Iowa App.1992) (citations omitted). We do not address this issue.

Costs of this appeal are taxed against Plaintiff Cerro Gordo.

**AFFIRMED.**