Pamela D. **KERSHNER**, Appellant,

v.

**CITY OF BURLINGTON,**
Iowa, Appellee.

No. 99–0450.

Supreme Court of Iowa.

Oct. 11, 2000.

Thomas T. Skewes of Johnson & Skewes, Fort Madison, for appellant.

Robert A. Engberg of Aspelmeier, Fisch, Power, Warner & Engberg, P.L.C., Burlington, for appellee.

McGIVERIN, Chief Justice.

Plaintiff Pamela D. Kershner sued defendant City of Burlington, alleging that the Burlington city fire department was negligent in responding to a fire at plaintiff Kershner's residence. The district court granted the city's motion for summary judgment and dismissed the case, concluding that plaintiff's negligence claim was based on an act or omission of the city in connection with an emergency response and that plaintiff's claim was therefore barred by the immunity provision of Iowa Code section 670.4(11) (1995) (Tort Liability of Governmental Subdivisions).

Upon our review, we agree with the district court's conclusion and affirm its judgment in favor of defendant city.

## I. Background facts and proceedings.

On January 25, 1996, plaintiff Kershner was the owner of a home in Burlington, Iowa, and owned and operated a business out of the home. On that day, Kershner discovered a fire in the clothes dryer located in the enclosed back porch of the home. She tried to put the fire out, but was unsuccessful. She then placed a 911 telephone call to the Burlington fire department, stating she had a dryer fire in her home.

In response to Pamela's call, battalion chief Larry Werner dispatched only one

fire truck and three firefighters (two fire-fighters and one officer) to the fire at plaintiff's address.

Upon arriving at plaintiff's home, the firefighters observed that the fire was contained to the back porch of the home. The general firefighting technique used to approach a fire in this type of situation was for the firefighters to enter the front part of the home and fight the fire from the interior. However, since only three firefighters initially responded to the fire, entry of the home could not be made at that time due to safety reasons. A call was then made for more fire personnel and equipment to respond. Additional fire personnel and equipment arrived approximately three to five minutes later. Despite efforts of the firefighters, the fire spread and eventually consumed the entire home, destroying the structure and contents.

On September 30, 1997, plaintiff Pamela Kershner filed a petition in district court against the defendant City of Burlington, alleging that the Burlington fire department was negligent in failing to follow its written service response policy in that it did not dispatch a sufficient number of fire trucks and personnel in response to plaintiff's fire.

After filing an answer, the city filed a motion for summary judgment, contending that the city was immune from liability under Iowa Code section 670.4(11) because the defendant's allegedly negligent acts or omissions occurred in connection with an emergency response. After a hearing, the court sustained the city's summary judgment motion and dismissed plaintiff's petition, based on its conclusion that plaintiff's negligence claim against the city was

barred by the emergency response provision of Iowa Code section 670.4(11).[1]

Plaintiff appeals.

## II. Standard of review.

Our review of a grant or denial of summary judgment is at law. Iowa R.App. P. 4. Summary judgment is only appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Iowa R. Civ. P. 237(c); *Sampson v. American Standard Ins. Co.*, 582 N.W.2d 146, 149 (Iowa 1998). "Where the only dispute concerns legal consequences flowing from undisputed facts, our review is limited to whether the district court correctly applied the law." *Kulish v. Ellsworth*, 566 N.W.2d 885, 889 (Iowa 1997). "If the conflict in the record concerns only the legal consequences flowing from undisputed facts, entry of summary judgment is proper." *Thompson v. City of Des Moines*, 564 N.W.2d 839, 841 (Iowa 1997).

The summary judgment record here consists of the pleadings, summary judgment motions and resistance, depositions, exhibits, and answers to interrogatories. *See* Iowa R. Civ. P. 237(c).

## III. Did the district court properly conclude that plaintiff's negligence claim was barred by Iowa Code section 670.4(11)?

The district court concluded that plaintiff's negligence claim against the city was barred by the immunity provisions of Iowa Code section 670.4(11). Plaintiff contends this was error.

### A. Immunity under Iowa Code section 670.4(11), the emergency response exemption to municipal liability.

 Iowa Code chapter 670 establishes the parameters of a municipality's

---

1. Although the city alleged in its answer that it was immune from liability under both the discretionary function, Iowa Code § 670.4(3), and emergency response provisions, Iowa Code § 670.4(11), the city only cited the emergency response provision in its motion

for summary judgment. The district court's summary judgment ruling does not address section 670.4(3). Accordingly, our analysis on appeal will only consider the city's immunity under the emergency response provision, Iowa Code section 670.4(11).

liability for the negligent acts or omissions of its officers and employees. *Keystone Elec. Mfg. v. City of Des Moines*, 586 N.W.2d 340, 345–46 (Iowa 1998). Pursuant to chapter 670, every city is subject to liability for the torts of its officers and employees unless such torts fall within one of the exemptions listed in section 670.4. *Baker v. City of Ottumwa*, 560 N.W.2d 578, 582 (Iowa 1997). The present case involves the "emergency response" exemption found in Iowa Code section 670.4(11), which provides immunity to a municipality for

> [a] claim based upon or arising out of an act or omission in connection with an emergency response including but not limited to acts or omissions in connection with emergency response communications services.

In *Kulish*, 566 N.W.2d at 890, we concluded that the emergency response provision is reasonably related to a legitimate government interest and that the immunity provision therefore does not violate the equal protection clauses of either our federal or state constitutions. *See* U.S. Const. amend. XIV; Iowa Const. art. I, § 6. In doing so, we articulated the justification for the rule as follows:

> A local government has a strong interest in providing rescue services for citizens involved in accidents and who—day or night—need immediate response. The statutory exemption from tort liability allows municipal providers of emergency care to render necessary medical aid in dire situations free from distractions or concerns over potential lawsuits.

*Kolish*, 566 N.W.2d at 890.

### B. The city's fire department service response policy and plaintiff's contentions.

The Burlington fire department service response policy outlines the department's proposed responses to various fire situations and lists the minimum equipment and personnel to be dispatched to a particular type of fire. At the time of plaintiff's fire,

the service response policy for a residential fire stated the following:

> E–1 [engine truck with three firefighters], S–15 [fire truck with three firefighters], C–16 [fire command vehicle with two firefighters], and E–2 [engine with two firefighters]
>
> T–13 (fire truck) and/or amb. [ambulance] shall respond at Incident Commander discretion.

The service response policy also contains the following statement:

> It is understood that on occasion extenuating circumstances may arise that will not permit responses exactly as outlined herein. The Shift Command Officer will however do the absolute best to comply with these minimum requirements.

The record shows that three firefighters and one fire truck (S–15 type) were dispatched to plaintiff's residence as directed by battalion chief, Larry Werner, in response to plaintiff's 911 emergency call. No reason was given by defendant in the record as to why the written service response policy was not followed and there were no apparent extenuating circumstances or other emergencies that prevented the fire department from following its service response policy.

Plaintiff's theory was that the damage to her home and property could have been reduced if the fire department had followed its service response policy and immediately dispatched the proper equipment and personnel upon learning of the fire. Plaintiff further contends that responding to an emergency does not permit municipal officials or employees to ignore laws or policies that are established for the safety of all citizens. Additionally, plaintiff argues that a fact question remains concerning whether her damages were a result of the defendant's alleged negligence for failing to follow the fire department service response policy. In essence, plaintiff's contention is that the immunity provisions of chapter 670 do not apply when a governmental subdivision fails to follow

written policies governing the conduct and actions of its officers and employees in carrying out their official duties.

## C. Relevant Iowa authorities.

In *Cerro Gordo Hotel v. City of Mason City*, 505 N.W.2d 509 (Iowa App.1993), our court of appeals examined a governmental subdivision's immunity for acts or omissions related to an emergency response. In that case, city officials ordered the demolition of two adjacent buildings owned by plaintiff after the roof of one of the buildings partially collapsed. *Cerro Gordo Hotel*, 505 N.W.2d at 510. The order to demolish the buildings was based on the conclusion of city officials that the possibility of further collapse created an emergency. *Id.* At the time of the partial collapse, plaintiff and the city had entered into a stipulated agreement that plaintiff had to take down the two buildings by a certain date. *Id.* This agreement was the result of a prior nuisance action initiated by the city. *Id.* Plaintiff sued the city of Mason City and city officials for damages associated with the demolition of the buildings. *Id.*

At trial, the district court refused to submit to the jury plaintiff's claim that defendants were negligent in determining an emergency existed and in deciding that the situation required demolition of the buildings. *Id.* at 511. On review, the court of appeals concluded that the district court did not commit any reversible error in refusing to submit plaintiff's negligence theory to the jury in view of the jury's finding that an emergency response complete defense existed in connection with plaintiff's other liability theories that were submitted to the jury. *Id.* at 512.

We also addressed the emergency response provision in *Kulish*, 566 N.W.2d at 890. We concluded that plaintiffs' medical malpractice claim against the county, county ambulance service, and emergency personnel, concerning medical treatment given to a motor vehicle accident victim, who later died from a heart attack, arose out of the alleged negligent acts or omissions that began with the response of emergency

medical personnel dispatched to the scene of a car accident. *Id.* at 891. We therefore held as a matter of law that defendants were immune from liability under the emergency response exemption to liability. *Id.* at 891–92. In doing so, we noted that the "broad language of section 670.4(11)—'in connection with an emergency' and 'included but not limited to'—conveys a legislative intent to encompass situations like those described here." *Id.* at 891.

We also addressed the emergency response exemption to the statutory waiver of sovereign immunity in *Keystone*, 586 N.W.2d at 349–50. In *Keystone*, a case involving combined appeals, plaintiffs sued the city of Des Moines arguing that city officials were negligent in failing to close a railroad opening in a levee during the flood of 1993. The city argued that it was immune from liability under Iowa Code section 670.4(11) because its decision not to close the railroad opening in the levee was made in response to an emergency, the unprecedented flood. *Id.* at 349. A district court ruled that the city was immune from liability under the emergency response provision.

On appeal, we concluded that a fact question existed concerning whether the city's omission or failure to close the railroad opening in the levee was made in response to an emergency. *Id.* at 350. We based our conclusion on the fact that the record contained evidence that Des Moines city officials received information that the water levels were actually going to be higher than those predicted by the Weather Bureau, which was the source that city officials relied upon in deciding how to fight the flood, but that city officials took no action to close the railroad opening in the levee. *Id.* Thus, a fact question was generated concerning when an emergency actually occurred due to the flood waters and the time the city had for a response thereto. *Id.* Consequently, it could not be determined as a matter of law whether the city was immune from liability under the emergency response exception, Iowa Code § 670.4(11).

## D. Application of law to facts.

■ Plaintiff does not dispute that defendant city made a response to plaintiff's emergency call concerning the fire at her residence. Plaintiff says that defendant's response was inadequate and did not follow defendant's service response policy. We do not have a situation where the defendant made no response to plaintiff's emergency call.

The undisputed facts in the record show that plaintiff's negligence claim is directed at the fire department's allegedly negligent conduct in deciding the proper equipment and number of firefighters to dispatch in response to plaintiff's 911 call reporting a fire in her home. Clearly, the decision concerning the type of equipment and number of personnel to dispatch to a fire qualifies as an "an act or omission in connection with an emergency response." Iowa Code § 670.4(11). Consequently, the city has met its burden of showing that the emergency response exemption applies in this case. *Cf. Kulish*, 566 N.W.2d at 891–92 (concluding that district court properly granted summary judgment in favor of defendants concerning plaintiffs' negligence claim which was directed at acts and omission of emergency medical personnel dispatched to scene of car accident). *See* 18 Eugene McQuillin, *The Law of Municipal Corporations* § 53.82, at 59 (3d ed. rev.vol.1993) (stating general rule that unless liability is expressly imposed by statute or the act complained of is expressly authorized or ordered by the municipal government, no action lies against a city for the negligence or improper conduct of its firefighters while discharging their official duties); *id.* § 53.53, at 385 ("In the absence of a special relationship, a municipality is not liable for failure to supply general fire protection. A municipality is not constitutionally required to provide adequate fire protection even where the municipality has undertaken such service.").

■ The more narrow question we must decide is whether this immunity provision in chapter 670 applies in this case even though the fire department may have failed to follow written policies or rules governing the actions of its officers and employees in carrying out its official duties. In other words, would the fact that the fire department failed to follow its own written service response policy be a factor in analyzing whether the city can avail itself of the immunity provisions of section 670.4(11)?

We turn to the language of the statute. We note that Iowa Code section 670.4(11) makes no reference to whether any existing operational guidelines or rules, in effect at the time of the alleged act or omission, are followed. Additionally, nothing in our prior case law speaks directly to this issue. We also find no convincing argument as to why the immunity provisions of chapter 670 should not apply in this case even though the fire department may not have followed its written service response policy in dispatching fire equipment and personnel to plaintiff's fire. We also find no evidence that the city, by adoption of the written fire department service response policy, intended to impose on itself or its employees a mandatory duty of care toward persons within the city so as to provide a basis of civil liability for damages, or otherwise intended a waiver of the immunity granted by section 670.4(11). *Cf. New Hampshire Ins. Co. v. City of Madera*, 144 Cal.App.3d 298, 306, 192 Cal.Rptr. 548, 554 (1983) (stating that by adopting provisions of Uniform Fire Code governing maintenance of fire hydrant systems, city did not intend to impose upon itself a mandatory duty of care to persons and property in city; holding that city was immune from liability for plaintiffs' claim that city negligently maintained city water system and that fire department made inadequate response to fire on plaintiffs' property); *Young v. Forgas*, 308 Ill.App.3d 553, 241 Ill.Dec. 905, 720 N.E.2d 360, 369 (1999) (holding that plaintiff's negligence claim for damages, received when driver of fire truck collided with plaintiff's car, was barred by tort

**346**

immunity statute; fire truck driver's failure to follow fire department's written operating procedures governing operation of emergency vehicle did not amount to waiver of immunity and did not impose legal duty upon municipal entities and their employees).

We therefore believe that the language of section 670.4(11) plainly states that the only relevant inquiry in determining whether the city has immunity under the emergency response provision is whether plaintiff's claim is "based upon or arising out of an act or omission in connection with an emergency response" by officers or employees carrying out their official duties. Our only task, therefore, is to apply the language of section 670.4(11) as written. *See Drahaus v. State,* 584 N.W.2d 270, 274 (Iowa 1998) (when text of statute is plain and its meaning clear, court will apply the language of the statute as written and will not search for meaning beyond express terms of statute or resort to rules of statutory construction). Because the undisputed facts in the record show that plaintiff's claim is based on conduct of the defendant in connection with an emergency response, the immunity provision of section 670.4(11) applies and plaintiff's claim cannot go forward.

## IV. Disposition.

We conclude that the district court properly determined that plaintiff's negligence claim against the city was barred under Iowa Code section 670.4(11), the emergency response exemption which caused defendant city to be immune from liability to plaintiff. The district court's ruling, sustaining defendant's motion for summary judgment and dismissing plaintiff's claim, is affirmed.

**AFFIRMED.**

All justices concur except TERNUS, J., who takes no part.