# IN THE COURT OF APPEALS OF IOWA

No. 16-0123
Filed October 11, 2017

**JANELLE HARRISON,**
        Plaintiff-Appellant,

**vs.**

**CITY OF ANKENY POLICE DEPARTMENT and MATT LNU,**
        Defendants-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt,

Judge.


Plaintiff appeals an adverse grant of summary judgment in this civil suit for

negligence and tortious infliction of emotional distress. **AFFIRMED.**



Nathan A. Olson and Christine E. Branstad of Branstad Law, P.L.L.C.,

Des Moines, for appellant.

Jason C. Palmer and Thomas M. Boes of Bradshaw, Fowler, Proctor &

Fairgrave P.C., Des Moines, for appellees.


Heard by Danilson, C.J., and Tabor and McDonald, JJ.

**MCDONALD, Judge.**

Janelle Harrison worked as a confidential informant for the Mid-Iowa Narcotics Enforcement Task Force (MINE Task Force). During the course of an investigation, Harrison was sexually assaulted by the target of the investigation in the target's home. She brought this action against the Ankeny Police Department, a participating agency in the MINE Task Force, and an individual officer of the Ankeny Police Department. She claims the defendants acted negligently in supervising the investigation and their actions constituted tortious infliction of emotional distress. The district court granted summary judgment to the defendants on the following grounds: (1) Harrison's claims were barred by statutory immunities; (2) the defendants did not owe Harrison a duty due to the public duty doctrine; (3) Harrison's assailant's conduct was unforeseeable as a matter of law; (4) Harrison's claim was barred by the assumption of the risk doctrine; and (5) Harrison's claim for tortious interference failed as a matter of law.

I.

We review the district court's grant of summary judgment for correction of errors at law. *Boelman v. Grinnell Mut. Reins. Co.*, 826 N.W.2d 494, 500 (Iowa 2013). A district court properly grants summary judgment when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 501. An issue of fact is material if "the dispute is over facts that might affect the outcome of the suit, given the applicable law." *Weddum v. Davenport Cmty. Sch. Dist.*, 750 N.W.2d 114, 117 (Iowa 2008). "An issue of fact is 'genuine' if the evidence is such that a reasonable finder of fact could return a

verdict or decision for the nonmoving party." *Huck v. Wyeth, Inc.*, 850 N.W.2d 353, 362 (Iowa 2014). "We can resolve a matter on summary judgment if the record reveals a conflict concerning only the legal consequences of undisputed facts." *Boelman*, 826 N.W.2d at 501. The burden is on the moving party to show it is entitled to judgment as a matter of law. *Sallee v. Stewart*, 827 N.W.2d 128, 133 (Iowa 2013).

"Even if facts are undisputed, summary judgment is not proper if reasonable minds could draw from them different inferences and reach different conclusions." *Walker Shoe Store, Inc. v. Howard's Hobby Shop*, 327 N.W.2d 725, 728 (Iowa 1982). "The party resisting the motion for summary judgment should be afforded every legitimate inference that can reasonably be deduced from the evidence." *Rock v. Warhank*, 757 N.W.2d 670, 673 (Iowa 2008). We view the evidence in the light most favorable to the nonmoving party. *Clinkscales v. Nelson Sec., Inc.*, 697 N.W.2d 836, 841 (Iowa 2005). However, the resisting party, rather than resting upon the pleadings, "must set forth specific facts showing the existence of a genuine issue for trial." *Cemen Tech, Inc. v. Three D Indus., L.L.C.*, 753 N.W.2d 1, 5 (Iowa 2008).

## II.

Harrison's first claim of error is the district court impermissibly weighed the evidence and resolved disputed issues of fact in resolving the motion for summary judgment. It is well established that "a court deciding a motion for summary judgment must not weigh the evidence, but rather simply inquire whether a reasonable jury faced with the evidence presented could return a verdict for the nonmoving party." *Clinkscales*, 697 N.W.2d at 841. Harrison

identifies several fact disputes the district court purportedly impermissibly resolved. We need not decide whether the district court impermissibly resolved the identified disputes in deciding the motion for summary judgment, however, because the purported disputed issues of fact are not material to the resolution of this case. *See Weddum*, 750 N.W.2d at 117 (defining "material").

"Iowa Code chapter 670 establishes the parameters of a municipality's liability for the negligent acts or omissions of its officers and employees." *Kershner v. City of Burlington*, 618 N.W.2d 340, 342–43 (Iowa 2000). A city is subject to liability unless one of the exemptions listed in section 670.4 (2014) applies. *See id.* Iowa Code section 670.4(1)(j) provides immunity for

> [a]ny claim based upon an act or omission of an officer or employee of the municipality, whether by issuance of permit, inspection, investigation, or otherwise, and whether the statute, ordinance, or regulation is valid, if the damage was caused by a third party, event, or property not under the supervision or control of the municipality, unless the act or omission of the officer or employee constitutes actual malice or a criminal offense.

The district court concluded the defendants were immune from liability under this provision because the sexual assault occurred during the course of an investigation, the damage was caused by a third party—the target of the investigation—and the target was not under the supervision or control of the municipality. We agree.

The leading case is *Hameed v. Brown*, 530 N.W.2d 703 (Iowa 1995). In that case, Fort Dodge police officers responded to repeated calls related to a domestic abuser, Roby, harassing his ex-girlfriend, Hameed. *See Hameed*, 530 N.W.2d at 705. One responding officer served Roby with an arrest warrant at his mother's home but let him go upstairs to retrieve clothing. *Id.* Roby escaped

through a second-story bedroom window. *Id.* at 706. Several hours later, Roby approached Hameed at a local bar and stabbed her several times in the back. *Id.* She sued Fort Dodge, among others, for negligence in failing to arrest Roby. The city argued it was immune under the version of section 670.4(1)(j) then in effect. "The question boil[ed] down to whether Roby was under the supervision or control of the city when he stabbed Hameed." *Id.* at 707. The court concluded, "[L]iability can attach to the municipality only if the third party caused damage (1) while the municipality was overseeing the third party's conduct with the power to direct and decide the implementation of the third party's intentions, or (2) while the municipality was exercising restraining influence over the third party." *Id.* at 707. The court concluded Roby was not under the supervision or control of the city at the time he stabbed Hameed. *See id.* "He was out of custody." *Id.*

This case is materially indistinguishable. The summary judgment record shows Harrison was engaged by the MINE Task Force to investigate a particular target. The target was at liberty. The target of the investigation was a third party not employed by the municipality. The assault occurred in the target's home. It is not disputed the municipality was not overseeing the target's conduct. It is not disputed the municipality had no power to direct and decide the implementation of the target's intentions. It is also not disputed the municipality was not exercising any restraining influence over the target. In short, it is not disputed the target of the investigation was not under the control or supervision of the municipality. The statutory immunity as interpreted in *Hameed* bars Harrison's claims.

Harrison resists this conclusion, contending *Hameed* was limited by *Messerschmidt v. City of Sioux City*, 654 N.W.2d 879 (Iowa 2002). In that case, a municipal employee moved a road barricade preventing cars from moving into a particular area during a citywide celebration. *See Messerschmidt*, 654 N.W.2d at 880. A drunk driver drove into the area, injuring Messerschmidt. *See id.* Messerschmidt sued the city, which claimed immunity under section 670.4(1)(j). *See id.* at 883. Our supreme court concluded the city's "reliance on [section 670.4(1)(j)] immunity [was] misplaced." *Id.* at 884. The court held moving a road barricade was not one of the acts or omissions covered by the statute. Specifically, moving the road barricade did not fall within the meaning of "otherwise":

> Here, the specific words are "issuance of permit," "inspection," and "investigation." These words contemplate actions by the city such as the inspection of buildings and elevators, food inspection, and issuance of permits. The words "issuance of permit," "investigation," and "inspection" are followed by the more generic phrase, "or otherwise."
> The term "otherwise" is not so broad as to include every municipality action or omission. Pursuant to the doctrine of *ejusdem generis*, "otherwise" is intended to define the preceding terms with some flexibility. This flexibility is intended to accommodate for similar municipality actions not within the express contemplation of the legislature when it enacted this immunity provision. "Otherwise" includes only those actions of a municipality similar to an inspection, investigation, or issuance of a permit. Here, the city did not inspect, investigate, or issue a permit.

*Id.* (internal citation omitted).

*Messerschmidt* is inapplicable here. As set forth above, that case decided only that the movement of a road barricade did not fall within the definition of "otherwise" within the meaning of the statute. In other words, the movement of a road barricade was not a covered act or omission within the meaning of the

statute. This case presents no such ambiguity. The express language of the statute provides immunity for any act or omission related to an "investigation." It is not disputed the assault at issue in this case was committed by a third party during the course of a police investigation. The statutory immunity is expressly applicable to the facts and circumstances of this case. *See Hameed*, 530 N.W.2d at 707.

We conclude the district court did not err in granting the defendants' motion for summary judgment on the ground the plaintiff's claims are barred by the immunity set forth in Iowa Code section 670.4(1)(j). Because we have resolved the claim on this ground, we need not address the parties' remaining arguments.

III.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**

Tabor, J., concurs; Danilson, C.J., concurs specially.

**DANILSON, Chief Judge** (concurring specially).

I write separately because I agree with the result but for different reasons. I believe the relationship between a law enforcement officer or a department and a confidential informant may trigger a special duty to act reasonably to protect the confidential informant. The "general rule" is stated in *Sankey v. Richenberger*, 456 N.W.2d 206, 209 (Iowa 1990):

> There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless
> (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or
> (b) a special relation exists between the actor and the other which gives to the other a right to protection.

(Quoting Restatement (Second) of Torts § 315 (1965)); *accord Smith v. City of Bayard*, 625 N.W.2d 736, 737 (Iowa 2001); *Kolbe v. State*, 625 N.W.2d 721, 728 (Iowa 2001); *Leonard v. State*, 491 N.W.2d 508, 510-11 (Iowa 1992).

But here, even if defendants owed a special duty to Harrison, she could not justifiably rely upon their protection under these facts. Harrison knew no officer was present to lend immediate aid, she was not wearing a listening device so the officers could listen to her conversations with the third person, nor did the defendants prearrange the meeting between Harrison and the third party. *See Cuffy v. City of New York*, 505 N.E.2d 937, 940 (N.Y. 1987) (reciting the elements of a "special relationship" including the requirement of a "party's justifiable reliance" on the [government's] "affirmative undertaking").